SMITH, ADMINISTRATRIX, *v.* SPRINGDALE AMUSEMENT PARK, LIMITED, ET AL.

No. 315. Argued March 17, 1931.—Decided April 13, 1931.

*Mr. Myer I. Goldberg* argued the cause, and *Messrs. John E. Sater* and *E. Howard M'Caleb* filed a brief for petitioner.

*Mr. Paul Bakewell* for respondents.

[17] Rule 41.

[18] Act of February 26, 1919, c. 48, 40 Stat. 1181; U. S. C., Tit. 28, § 391.

Mr. Chief Justice Hughes delivered the opinion of the Court.

This is a suit for the infringement of letters patent No. 1,379,224, No. 1,507,440, and No. 1,507,439, relating to devices for dog races. Judgment in the District Court dismissing the complaint was affirmed by the Circuit Court of Appeals. 39 F. (2d) 92; 40 F. (2d) 173. This Court granted a writ of certiorari because of conflict with a decision of the Circuit Court of Appeals for the Fifth Circuit. *American Electric Rabbit Assn.* v. *New Orleans Kennel Club,* 26 F. (2d) 1016.

Patent No. 1,379,224 was before this Court in *Smith* v. *Magic City Kennel Club,* 282 U. S. 784. Referring to the prior art, the Court found that the patentee's improvement was in a limited field. There was no invention in a combination consisting of a covered rail track, conveyor car and an arm projecting over the course and connected with a mechanical lure carried before racing dogs. The patent could be sustained only by virtue of the distinctive feature of the arm employed. This was described in claim 1 as " an arm extending through the longitudinal opening of the casing in a projecting position over the track and adapted to carry a lure, and a wheel rotatably mounted on and supporting the arm at the projecting end thereof," and, in claim 2, as " a horizontally extending arm hinged to said car extending midway of said course, a wheel rotatably mounted near the end of said arm, and resting upon the ground, a platform supported by said arm and a lure or quarry mounted upon said platform for attracting the dogs." The Court reached the conclusion that a rigid, horizontal arm, without hinge or wheel, was not the subject of either claim. In this view, the device of the defendant does not infringe.

Patent No. 1,507,440, relating to " housing for conveyor cars and tracks," we have held to be invalid for want of invention. *Smith* v. *Magic City Kennel Club, supra.*

Patent No. 1,507,439 is for an improvement in starting cages for racing dogs. The single claim is as follows:

" In a starting cage for racing dogs, a frame comprising a box-like structure divided into a plurality of compartments and comprising walls formed of wire mesh partially covered with fabric, individual rear doors for each of the compartments and a single front door hinged at its upper end to the top walls of the frame, divergent inclined members secured to the top of the said frame and extending upwardly and outwardly beyond the face of the front door and having their outer ends in the plane of the side walls of the box-like structure, springs secured to the outer ends of said inclined members and to the door and lying in the plane of the hinges, and a latch at the bottom of the cage for coaction with the lower edge of the front door to hold the front door normally closed against the tension of said springs, said springs adapted to raise the front door upon release of the latch."

In the light of the proceedings in the Patent Office upon the rejection of earlier claims, the claim can have but a narrow application. We agree with the Circuit Court of Appeals that the particular sort of spring support and the wire mesh partitions partially covered with fabric, as well as the other elements, are but forms of construction within the range of ordinary mechanical skill. There was an utter absence of invention justifying the issue of this patent.

*Decree affirmed.*