DEMCO, Inc., et al. v. DOUGHNUT MACH. CORPORATION.

JOE–LOWE CORPORATION et al. v. SAME.

Nos. 3287, 3288.

Circuit Court of Appeals, Fourth Circuit.

Nov. 30, 1932.

Edwin F. Samuels and Charles Markell, both of Baltimore, Md., for appellants.

Frank B. Fox and Henry N. Paul, both of Philadelphia, Pa. (Fraley & Paul, of Philadelphia, Pa., and O. B. Duckett, Jr., and Adams & Hargest, all of Baltimore, Md., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WATKINS, District Judge.

PARKER, Circuit Judge.

This is an appeal in two patent suits consolidated and heard together in the court below. Appellee sued to restrain alleged infringement of eight patents covering machines for making doughnuts. Three of the patents were abandoned in the trial court and the judge held that there was no infringement as to one of the others. He held, however, that certain claims of Tomlinson patent No. 1,320,662, Bergner patents Nos. 1,492,-541 and 1,665,017 and Nye patent No. 1,599,-916 were valid and infringed; and, from the decree entered granting an injunction and a reference to a master for an accounting, the defendants have appealed.

The facts are fully set forth in the opinion of the District Judge, reported in 51 F.(2d) 364, 368, and need not be repeated here. The Tomlinson patent relied on by plaintiff covers a machine for frying doughnuts. It may be described briefly as a rectangular tank for containing hot grease, and endless belt conveyors so arranged as to convey the doughnuts through the grease by a process of flotation and to turn them over in the midst of the process so that they will be cooked brown on both sides. The Bergner patent No. 1,-492,541 covers a machine for cooking doughnuts by a process of flotation in hot grease. It provides also for the operation of a doughnut former in conjunction with the machine for cooking the doughnuts. The latter consists of a circular tank for containing hot grease in which the doughnuts are revolved in spaced relationship by means of two concentric circular containers with a separating wall between. A turnover device lifts the doughnuts from the inner container and causes them to turn over and fall into the outer. Bergner patent No. 1,665,017 covers a circular tank for holding hot grease in which the doughnuts are floated in a spiral channel. Midway of their progress through the channel they are turned over by revolving grids which operate with a Geneva movement through angles of ninety degrees and, in revolving, pick up the doughnuts and turn them over. The Nye patent covers a machine for cooking doughnuts by a process of submerging them in hot grease. The doughnuts are placed on a lower conveyor in compartments between spaced vanes which hold them in place. Above this are two submerging conveyors which hold the doughnuts down below the level of the grease. Between the two submerging conveyors is a space, "which enables the doughnuts by flotation to distribute themselves laterally" before being again submerged.

The machines of defendant employ submerging conveyors spaced apart so as to submerge the doughnuts in the hot grease and yet allow them to float on the surface a part of the time so as to expand and rid themselves of the steam and gases produced in the process of cooking. Between two of these conveyors and approximately midway the cooking process, defendant's A machine has a rotary paddle constructed with a blade which has a feathering action so as to turn the doughnuts beneath the level of the grease and then release them and push them forward. The B machine has an additional submerging conveyor and substitutes for the rotary paddle with the feathering blade a simple paddle which merely pushes the doughnuts towards the next submerging conveyor. If this paddle be lowered, it will turn the doughnuts. After the granting of the preliminary injunction a stationary baffle plate was substituted for this rotary pusher and the submerging conveyor next before it was covered with a wire screen or mesh, which, according to the contention of defendants, was to hold the doughnuts away from the slats of the conveyor, but, according to plaintiff's contention, was to turn them over. The judge below found that a considerable percentage of the doughnuts were turned by this wire screen attachment; and he held that, because of this turning of doughnuts by both machines of defendant, there was infringement of the Tomlinson patent and of both Bergner patents. He held that Bergner patent No. 1,492,541 was infringed also because defendants used a doughnut former in connection with their cooking machines, geared so as to deposit doughnuts in the hot grease in accordance with the capacity of the cooking machines. The Nye patent was held infringed because the machines of defendants employed a number of submerging conveyors with spaces between them so as to allow the cooking doughnuts to rise to the surface.

We think that the learned judge was in error in holding that there was infringement

as to any of the patents sued on. As to the finding of infringement because of the turning of doughnuts by defendants' machines, he gave too broad an interpretation, we think, to the language of the claims upon which plaintiff relies with respect to this aspect of the case; and, while we agree with him that these claims are valid, we do not think that they may be interpreted as granting a monopoly on the turning of doughnuts. We are dealing not with process patents but with patents covering machines. There was nothing new about frying doughnuts in grease. There was nothing new about limiting the time of their cooking. There was nothing new about turning them over during the process. And there was nothing new in using conveyors as an aid in mechanical cooking. What Tomlinson and Bergner did was to devise machines which timed the cooking properly and which accomplished the necessary turnover. Plaintiff is entitled to protection against machines which substantially copy the machines which they invented, by doing the same thing in substantially the same way, but not against machines which proceed on a different principle, even though they accomplish the same result. It is elementary that the mere function of a machine is not patentable, and that the claims of a patent must be construed in the light of the specifications and drawings to which they relate, and not given an interpretation so broad as to cover the function of the machine patented and thus protect against every possible machine with like function.

Applying these principles to the questions before us, it is clear that plaintiff is not protected against the mechanical turning of doughnuts, but merely against machines which accomplish this result in substantially the same way as the machines covered by the patents. And it is equally clear, we think, that the machines of defendants, even those designed to turn doughnuts, do not do so in the way employed by the machines of the patents. The machines of defendants turn the doughnuts under in the grease, in one case by the paddle with a feathering blade, in the other as a result of the action of the wire mesh attached to the submerging conveyor. The machines of the patents turn the doughnuts over in the air, in the case of Tomlinson by reason of the peculiar position of the first belt conveyor, in the case of one Bergner patent by a paddle so placed as to lift the doughnut over the wall of the inner container and let it fall into the outer, in the case of the other Bergner patent by means of the revolving grid with the Geneva movement. The machines of defendants do not use any of the devices disclosed by the patents for accomplishing the turnover or the mechanical equivalents of such devices; and the question, it must be remembered, is not whether the machines of defendants turn doughnuts, but whether in turning them they use the means disclosed by the patents upon which plaintiff relies, or their equivalents.

Plaintiff relies particularly upon the broad language of the claims of the Tomlinson patent quoted at length in the opinion below, contending that the first claim covers any "mechanism for turning doughnuts or the like over after they have been in said receptacle for a predetermined length of time," and that the second covers any mechanism for "delivering them [i. e. the doughnuts] * * * in an over-turned condition." But if the language should be construed so broadly as to cover any device that will turn doughnuts, the claims would be void as an attempt to patent a mere idea or function. That this was not intended is shown by the opening words of each of the claims, viz., "In an apparatus of the character described." It is elementary that the language of the claims is to be construed in the light of the specification and drawings. Victor Cooler Door Co. v. Jamison Cold Storage Door Co. (C. C. A.) 44 F.(2d) 288. And, where necessary to uphold the validity of the patent, the court will construe even positive generic expressions as limited to the precise instrumentality disclosed by the patent. Black & Decker Mfg. Co. v. Baltimore Truck Tire Service Corporation (C. C. A. 4th) 40 F. (2d) 910. When the claims of the Tomlinson patent are limited to the mechanism described in the specification and drawings of that patent, they are clearly not infringed by the machines of defendants. The same may be said as to broad language in the claims of the Bergner patents, with the added observation that neither of these were pioneer patents entitled to a wide range of equivalents, but were for mere improvements, and, upon familiar principles, are to be limited practically to the instrumentalities disclosed. Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 27 S. Ct. 307, 51 L. Ed. 645.

Plaintiff relies upon the case of Bake-Rite Mfg. Co. v. Tomlinson (C. C. A. 9th) 16 F.(2d) 556; but the machine there involved was of a very different character from the machines of defendants. Like the machine of Tomlinson, it cooked by the flotation method and the turnover employed might properly be held the equivalent of the Tom-

linson turnover. Here the process of cooking is essentially different from that employed by Tomlinson; and, as pointed out above, the turnover employed is not the same thing and is not accomplished in the same way.

■ We come next to the contention that the machines of defendants infringe claims 7 and 58 of Bergner patent No. 1,492,541 because they employ a doughnut former in connection with the cooking machine. We understand that no contention is made that the use of the doughnut former alone would constitute an infringement of the Bergner patent. The contention is that the use of the former in connection with the cooking machine, so geared as to deposit doughnuts at definite intervals in accordance with the capacity of the cooking machine, is protected by the patent. But this is mere aggregation. Powers-Kennedy Corp. v. Concrete Co., 282 U. S. 175, 186, 51 S. Ct. 95, 75 L. Ed. 278; Victor Cooler Door Co. v. Jamison Cold Storage Door Co. (C. C. A. 4th) 44 F.(2d) 288; Heald v. Rice, 104 U. S. 737, 26 L. Ed. 910; Hailes v. Van Wormer, 20 Wall. 353, 22 L. Ed. 241. It did not constitute invention to equip a cooking machine with a previously known doughnut former. As to the synchronization of the two, this was a mere matter of mechanics, not beyond the powers of any skilled artisan. In so far, therefore, as the claims of Bergner patent No. 1,492,541 relate to the combination of the doughnut former with the cooking machine, they are void for lack of invention. The same is true with respect to claim 51 of this patent in so far as it relates to the location of the driving machinery beneath the grease receptacle. This was not invention but a mere matter of mechanical skill. Smith v. Springdale Park, 283 U. S. 121, 123, 51 S. Ct. 368, 75 L. Ed. 878.

■ Nor do we think that any infringement of the Nye patent was shown. The essence of that patent was the use of vanes on a submerged conveyor to hold the doughnuts in spaced relationship, with submerging conveyors above to hold the doughnuts below the level of the cooking fluid. Plaintiff relies on claim 4, which provides for two submerging conveyors with a gap between, "which enables the doughnuts by flotation to distribute themselves laterally" before being brought under the influence of the second conveyor. But a submerging conveyor in a frying machine which did not submerge the articles being cooked during the whole of the cooking process was nothing new, being shown in Varian patent No. 1,086,248. It did not constitute invention to use two such conveyors instead of one. See Moore v. B. & O. R. Co. (C. C. A. 4th) 37 F.(2d) 884.

■ It is argued that defendant is estopped to deny the validity of the Nye patent because it obtained a license thereunder. It appears, however, that this license was surrendered before suit was instituted. In such case no estoppel can be asserted. As said by the Circuit Court of Appeals of the Sixth Circuit in Stimpson Computing Scale Co. v. W. F. Stimpson Co., 104 F. 893, 895: "After the termination of a license, the parties are freed from any estoppel resting upon them while in their former relation. The licensee may dispute the title or right of the former licensor to the same extent as a stranger might. The estoppel is raised for the protection of the interest which the assignor or licensor professed to convey, and has no further office. [Dueber Watch-Case] Manufacturing Co. v. Robbins, 75 F. 17, 21 C. C. A. 198; Noonan v. Athletic Club Co., 99 F. 90, 39 C. C. A. 426; Smith v. Ridgely [C. C. A.] 103 F. 875."

For the reasons stated, we think that there was no infringement of any valid claim of the patents relied on, and the decree of the court below will be reversed.

Reversed.