## STELOS CO., *v.* HOSIERY MOTOR-MEND CORP. ET AL.*

No. 588. Argued April 4, 5, 1935.—Decided April 29, 1935.

---

* Together with No. 653, *Hosiery Motor-Mend Corp. et al.* v. *Stelos Co., Inc.* Certiorari to the Circuit Court of Appeals for the Second Circuit.

238

*Messrs. Henry Gilligan* and *Vernon E. Hodges,* with whom *Mr. J. Preston Swecker* was on the brief, for Stelos Co., Inc.

*Mr. Hugh M. Morris,* with whom *Messrs. Julian S. Wooster, Donald Malcolm,* and *Noah A. Stancliffe* were on the brief, for Hosiery Motor-Mend Corp. et al.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

This cause presents issues as to validity and infringement of claim 23 of the Stephens reissue patent, No. 16,360, for "an improvement in needles and its method of use." The Stelos Company, owner of the patent, sued Hosiery Motor-Mend Corporation and others for infringement. The District Court adjudged the claim invalid by reason of failure to make proper disclosure of the alleged invention, and anticipation; and also thought that if the claim were sustained the defendants did not infringe, and dismissed the bill.[1] The Circuit Court of Appeals held the prior art required so narrow a construction of the claim as to exclude the method charged as an infringement and affirmed the decree.[2] We granted certiorari[3] to resolve a conflict with a decision of the Court of Appeals of the District of Columbia.[4] In support of

[1] 60 F. (2d) 1009.
[2] 72 F. (2d) 405.
[3] 294 U. S. 702.
[4] *Finch Corp.* v. *Stelos Co.,* 60 App. D. C. 25; 46 F. (2d) 606.

the judgment the defendants might have urged the point as to invalidity, decided against them in the Circuit Court of Appeals, without applying for a cross-writ of certiorari.[5] Out of excess of caution, however, they prayed for the writ. Since both writs would run to but one judgment, and bring up the same record, we granted the prayer in No. 653.[6]

To knit is to form a fabric by the interlacing of a single yarn or thread in a series of connected loops. In knitted articles, of which a silk stocking is an example, a break in the thread anywhere in the fabric will cause a number of loops to pull out, leaving in their place parallel threads. The consequent defect is called a ladder or a run. The only possible method of repair consists in picking up the thread at the end of the run and reknitting by reforming the loops throughout the ladder, fastening the thread upon the completion of the operation. It has long been known that this could be accomplished by the use of a needle having a hook at the end resembling an ordinary crochet needle, but the task involved difficulties and the result was often unsatisfactory.

Stephens' patent is for an improved latch needle for this work, and for a method of executing the repair. Twenty-two claims for the needle are not in issue. Claim 23, which covers the method, is the basis of the suit. The method is stated in the patent to consist:

"in *stretching* the fabric over a *suitable holder,*

inserting a repairing device having a hook and *pivoted latch* through a loop formed in the run or raveling,

continuing this movement on through the fabric *while holding the device laterally out of alignment with the run or raveling* until the loop has slid back over the end of the latch and beneath the latter,

---

[5] *Langnes* v. *Green,* 282 U. S. 531, 535.

[6] 294 U. S. 702.

then reversing the movement of the device through the loop,·

catching the next forward thread in the hook while the loop is being pulled over the latch causing the latch to close over the thread and the loop to be cast off over the end of the device, the thread caught in the hook thereupon forming a new loop, taking the place of the first-described loop,

then reinserting the device into the fabric as before, and repeating the operation until the run or raveling has been repaired,

and finally fastening the thread."

In the commercial method practiced by the owner of the patent and its licensees, the fabric is stretched over the top of a china or porcelain egg-cup held in the left hand. The degree of stretching can in this way be adjusted for the first step in the process and increased or relaxed as the work progresses. The needle is held in the right hand at an angle to the plane of the fabric and worked back and forth through the material. Whether the needle is also inclined laterally out of the line of the run is disputed. The patentee says this is unnecessary and is not in fact practiced. The defendants disagree, and contend that a pivoted latch needle will not otherwise perform its function. The alleged infringers employ a metal holder shaped like an egg-cup and a sliding latch needle, which they punch through the material and draw back at approximately a right angle to the fabric.

Stephens, while in Mexico in 1921 or 1922, noticed a Mrs. DeMarr repairing runs by stretching stockings over her finger and reforming the loops with a latch needle. On her behalf he forwarded to a patent attorney a description and specification in his own handwriting and an application or patent was filed by Mrs. DeMarr. A half interest was assigned to Stephens. Certain prior patents

were cited against the claims and the application was abandoned. Shortly thereafter Stephens filed in his own name an application for patent of an improved pivoted latch needle and for an improved method of repairing runs. The method claim called for the use of a pivoted latch needle having all the features of that described in the application, and was accordingly rejected, *inter alia* because it was not a method claim since it required Stephens' specific construction of the needle. The applicant redrafted the claim to call merely for a pivoted latch needle and added the element that the needle should be held laterally out of alignment with the run. We think the method claim is bad for want of proper disclosure and as lacking invention.

1. The first step is described as "stretching the fabric over a suitable holder." It is now said that an egg-cup or something of like construction is the only suitable holder, because no other device affords a rest for the operator's hand and permits continuous stretching in varying degree during the repair operation. The patent drawings show no holder of any sort. The specifications merely say: "In other methods the fabric is stretched over the finger tip, making it difficult to insert the hook beneath the thread. This objection is obviated in the present invention by stretching the fabric over a porcelain dish, allowing sufficient depth for the free use of the needle." Obviously the phrase "a porcelain dish" is not descriptive of an egg-cup. There is nowhere any reference to the control of the degree of stretching which is now said to be essential and to be afforded only by such a holder. The patentee testified on the trial that he tried and discarded many types of holder until he hit upon this one. If so, why did he not describe or claim it? He did so in an application for patent filed much later. He is upon the horns of a dilemma; he either discovered this form of holder and its virtues prior to the application for this

242

patent or he found it later. If the first supposition be correct his application violated R. S. 4888;[7] if the second, his patent does not cover the egg-cup holder.

Nowhere does the claim or the specification disclose the element that the fabric must not be tautly stretched over the holder, or that it must be so held that the tension can be varied. It is said that the use of the present participle "stretching" rather than the past participle "stretched" makes the matter clear; but scrutiny of both claim and specification discloses no teaching as to the stretching of the fabric, or any regulation of the tension, or that it may not be tightly stretched over the holder and secured in that condition prior to commencing the repair. The specification of a "suitable" holder certainly covers none of these alleged essentials. These omissions emphasize the failure to make the fair disclosure demanded by R. S. 4888.

The patentee says that in the old finger method the needle necessarily was held nearly in the plane of the fabric, whereas in his method it is approximately at a right angle thereto, and operated by a punching motion. The description of the operation in the patent is almost identical with that of Mrs. DeMarr's abandoned application, drawn in Stephens' own hand, which was for the finger as contrasted with the punch method; and, so far as the angle at which the needle is to be held, is very similar to Pogson's disclosure in 1921, which Stephens says does not describe the punch method. When we come to the claim, we find the phrase " while holding the device laterally out of alignment with the run." This, we are told, is novel, and means that the needle is not to be used in or nearly parallel with the plane of the fabric,

---

[7] U. S. C. Tit. 35, § 33. Notice that defendants would defend on this ground was given in accordance with R. S. 4920; U. S. C. Tit. 35, § 69.

but at an angle thereto. " Laterally out of alignment to the run " is not equivalent to " at an angle to the plane of the fabric." That the applicant did not intend it to be so understood is shown by his repeated use of the word laterally, in the specifications, as the equivalent of off to one side; and by this sentence: " The clearance afforded . . . makes it possible to hold the needle down closer to the fabric. . . ." There is no disclosure of any up and down punch system, such as the defendants use.

2. Pivoted latch needles are old in the art. Holders which have an opening to give room for the insertion of a needle, such as that of an egg-cup, are old for use in darning. The method of reforming loops in knitted goods with pivoted latch needles was known prior to the application for this patent. The combination of the use of the egg-cup type holder and the pivoted latch needle did not entitle Stephens to a patent; and the addition of the element that the needle should be held at an angle to the plane of the fabric, if that is in fact what the claim means, is insufficient to raise the method to the dignity of invention.

*Decree modified and, as modified, affirmed.*