## GOLDMAN v. POLAN et al.

### No. 4205.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

Samuel W. Banning, of Chicago, Ill. (Ephraim Banning, of Chicago, Ill., and Thomas W. Y. Clark, of Baltimore, Md., on the brief), for appellant.

A. Harry Crowell, of Washington, D. C., and Simon E. Sobeloff, of Baltimore, Md. (George P. Kimmel, of Washington, D. C., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal in a patent infringement suit involving Goldman patent, No. 2,039,987, for an umbrella. The defenses were lack of invention, anticipation, and prior use. The court below held the patent invalid on all three grounds, and the plaintiff has appealed. Plaintiff does not contend that there is any novelty in the construction or framework of his umbrella nor does he claim invention with respect to the fabric with which it is covered. His contention is that the combination of the fabric which he uses with the frame of the ordinary umbrella or parasol has resulted in the production of a new and useful article which is patentable. The fabric used is Habutaye silk processed with an oil coating so as to be waterproof and semitransparent. The patent contains two claims which are substantially the same, the second being as follows:

"In an umbrella having radial ribs, a covering therefor made up of triangular sections of material each having a base extending between the tips of adjacent ribs and connected by seams with adjacent sections substantially in line with the ribs, the covering being formed of a textile material in whose structure are comprised two sets

of relatively inelastic single fibrous closely adjacent strands disposed side by side in groups which are relatively widely spaced, there being a translucent relatively elastic composition applied to the strand fibers and extending between them and the intervening meshes in the form of a web and covering over the fibers on all sides to provide for the textile material a protecting film on each of its opposite surfaces, the two sets of fibrous strands being interwoven with each other, one set being disposed parallel to the base of each triangular section of the covering and the other set being disposed perpendicular thereto in each section whereby each covering section is rendered elastic along its bias, so as to elastically yield lengthwise along its seams only and flex inwardly transversely between the ribs where resistance to stretch is greatest when stretched taut by said ribs."

The language used in the claims would seem to suggest that there is some peculiar interaction between the fabric of the covering and the framework, which is important in the production of the umbrella of the patent; and it was probably because of some such idea that the patent was issued. There is nothing in the facts, however, to support such a suggestion, and plaintiff does not so contend. He relies upon the combination of the processed fabric, which he admits is not in itself patentable, with the ordinary umbrella frame as presenting a patentable combination.

Habutaye silk, the fabric which plaintiff uses for his covering, was a well-known Japanese silk; and processing such silk with oil or varnish to render it waterproof was also well known. When so processed, it had long been used for shower bath curtains, raincoats, and other similar purposes. The use of waterproofed silk fabric as a covering for umbrellas had also been long known. The British patent to Barnwell, No. 945, issued in 1859, discloses "umbrellas or parasols" made of silk which have been treated with a preparation of collodion and oil to make them waterproof. The Walker patent, No. 60,597 of 1866, covers umbrellas made of "silk, or any other strong woven fabric not too heavy," and waterproofed with India rubber. The Fischel patent, No. 334,368 of 1886, discloses an oil silk cover for umbrellas or parasols. The McKevit patent, No. 442,991 of 1890, calls for a protector case for umbrellas "made of waterproof material * * * oil silk or the like." The Venner patent, No. 1,749,363 of 1930,

covering a type of umbrella construction, discloses waterproofed silk and other fabrics used as a covering. The record shows very clearly that two umbrellas covered with oiled Habutaye silk of a grade a little heavier than that used by plaintiff were manufactured for one Robe in July, 1933, more than two years prior to the application for the patent; that they were sold by him; and that they were publicly used following the sale. Several were made during the same year from the same sort of material by Follmer & Clogg, large umbrella manufacturers; and there is evidence of manufacture of one or more for another firm, Harte & Wyle, about the same time.

Plaintiff is not an umbrella manufacturer and seems to have had no particular knowledge of the umbrella business. He was handling rubber rain capes at the time of the Chicago Fair; and in the latter part of 1934 he secured some oiled silk and experimented with it for the making of waterproof capes. The idea occurred to him that this fabric would make a good covering for umbrellas; and so he covered two umbrellas with the material and showed them to a merchandising expert whose judgment confirmed him in the opinion that they would appeal to the trade. He went then to the representative of a firm engaged in processing silk of this character and obtained from him the material which is used for covering the umbrellas of the patent. This agent worked out a very satisfactory material for the purpose by treating a very thin grade of the silk with only one coat of the processing oil; but it is to be noted that the development of this fabric was the work of the processor, not of the plaintiff. Once it was developed, its suitability for use as an umbrella covering was readily apparent to any one engaged in the business.

■ The question which arises, therefore, is whether plaintiff is entitled to a patent upon the umbrella because of his use of this thin grade of processed silk as a covering. We do not think that he is. He seeks no patent upon the fabric, and is entitled to none; and there was no invention in the idea that it was suitable for use in making umbrellas. Plaintiff makes much of the fact that prior attempts to use oiled silk as a covering for umbrellas and parasols had not succeeded; but this was evidently because of the heavy and sticky quality of the fabric then available. When the lighter fabric was developed, its utility for the purpose was immediately recognized. If it had

been a patentable fabric, which it was not, the inventor would have had a right to use it for umbrella covers and other purposes for which it was suitable, and could not have been excluded from such use by plaintiff's attempt to secure a patent on umbrellas covered with it. As it was not a patented fabric, the public had the right to use it for such purpose and could not be excluded by plaintiff.

It is well settled that "it is not invention to substitute superior for inferior materials, in making one or more or all of the parts of a machine or manufacture." Walker on Patents, 6th Ed. vol. 1, p. 78; Hotchkiss v. Greenwood, 11 How. 248, 265, 13 L.Ed. 683; Ryan v. Hard, 145 U.S. 241, 245, 12 S.Ct. 919, 36 L.Ed. 691; Florsheim v. Schilling, 137 U.S. 64, 76, 11 S.Ct. 20, 34 L.Ed. 574; Brown v. District of Columbia, 130 U.S. 87, 99, 9 S.Ct. 437, 32 L.Ed. 863; Underwood v. Gerber, 149 U.S. 224, 229, 13 S.Ct. 854, 37 L.Ed. 710. And, likewise, it is not invention to apply an old material to a new or analogous use or subject. Walker on Patents, 6th Ed. vol. 1, p. 96; Pennsylvania R. Co. v. Locomotive E. S. Truck Co., 110 U.S. 490, 494, 4 S.Ct. 220, 28 L.Ed. 222; Ansonia Brass & C. Co. v. Electrical Supply Co., 144 U.S. 11, 12 S.Ct. 601, 36 L. Ed. 327; Peters v. Active Mfg. Co., 129 U. S. 530, 9 S.Ct. 389, 32 L.Ed. 738. And invention does not reside in mere aggregation in which there is produced no different force, effect, or result by the combination of elements, but each performs in the aggregation some old or well-known function. Walker on Patents, 6th Ed. vol. 1, p. 84; Roberts, Patentability and Patent Interpretations, vol. 1, p. 47; Hailes v. Van Wormer, 20 Wall. 353, 368, 22 L.Ed. 241; Rubber-Tip Pencil Co. v. Howard, 20 Wall. 498, 22 L.Ed. 410; Reckendorfer v. Faber, 92 U. S. 347, 23 L.Ed. 719; Doughnut Mach. Corp. v. Joe-Lowe Corporation, 4 Cir., 67 F.2d 135, 137; Demco v. Doughnut Mach. Corp., 4 Cir., 62 F.2d 23, 26. The rule relating to the patentability of combinations is thus well stated in the oft-quoted passage from Hailes v. Van Wormer, supra:

"It must be conceded that a new combination, if it produces new and useful results, is patentable, though all the constituents of the combination were well known and in common use before the combination was made. But the results must be a product of the combination, and not a mere aggregate of several results each the complete product of one of the combined elements. Combined results are not necessarily a novel result, nor are they an old result obtained in a new and improved manner. Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention. No one by bringing together several old devices without producing a new and useful result the joint product of the elements of the combination and something more than an aggregate of old results, can acquire a right to prevent others from using the same devices, either singly or in other combinations, or, even if a new and useful result is obtained, can prevent others from using some of the devices, omitting others, in combination."

It is perfectly clear that all that plaintiff did was to use a material, superior for the purpose which he had in mind, in place of the fabric customarily used for covering umbrellas. Or, to look at the matter from another angle, he merely applied the oiled silk developed by another person to a new use but one analogous to the uses theretofore made of it. If the use of the oiled silk with the umbrella frame be conceived of as a combination, the answer to the claim of invention is that no new result was attained which was the joint product of the combination, but each of the old elements worked out the old results in the old way. The oiled silk offered the same resistance to water on the umbrella that it would have offered as a cape; and the umbrella frame supported it in the same way that it would have supported any other covering. If plaintiff could obtain a patent on the use of the fabric as a covering for umbrellas, we perceive no reason why he could not have had patents covering its use for shower bath curtains, or capes; and any new fabric, on this principle, whether patentable or not, would be subject to as many different patents as uses could be found for it.

Plaintiff is confronted by another difficulty. There is nothing in the patent limiting the fabric to the thin Habutaye silk processed with one coat of the waterproofing material, which has been found desirable in the manufacture of the umbrellas. The claims are broad enough to cover any waterproofed loosely woven fabric; and, when so read, they are anticipated by the prior patents to which we have referred as well as by the prior uses relied on. If it be argued that the claims should be read in the light of the specification to relate to chem-

icalized Habutaye silk, the answer is that there is nothing limiting the fabric to the thin silk processed with one coat of waterproofing material and nothing to teach the public the proper fabric to select for the purpose of making the umbrellas of the patent. See O'Reilly v. Morse, 15 How. 62, 14 L.Ed. 601; Permutit Co. v. Graver Corporation, 284 U.S. 52, 57, 52 S.Ct. 53, 54, 76 L. Ed. 163; Stelos Co., Inc. v. Hosiery Motor-Mend Corporation, 295 U.S. 237, 241, 55 S. Ct. 746, 747, 79 L.Ed. 1414; Helfrich v. Solo, 7 Cir., 59 F.2d 525, 528. If, therefore, we consider the evidence as to the quality of silk necessary for success in the making of umbrellas of this character, the patent is void because of insufficient disclosure. If we disregard the evidence and look only to the specification and claims, it is anticipated by the prior patents and the prior use relied on. It is unnecessary to consider either of these defenses, however, for the reason that there is no invention; and there is no point in talking of anticipation or of sufficiency of disclosure when invention is manifestly lacking.

The decree appealed from will be affirmed.

Affirmed.