**PITTSBURGH FORGINGS CO. et al. v. AMERICAN FOUNDRY EQUIPMENT CO.**

No. 6684.

Circuit Court of Appeals, Third Circuit.

March 23, 1939.

William F. Hall, of Washington, D. C., and Thomas G. Haight, of Jersey City, N. J. (Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., of counsel), for appellants.

Drury W. Cooper and Albert M. Austin, both of New York City, Walter J. Blenko, of Pittsburgh, Pa., Furman Rinehart, of New York City, and Pepper, Bodine, Stokes & Schoch, of Philadelphia, Pa., for appellee.

Before DAVIS, MARIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a decree of the District Court for the Western District of Pennsylvania holding the claims in suit of the Peik patent for a blasting machine valid and infringed. The appellant, Pangborn Corporation, is held to have infringed by making, using and selling the machines, and the appellant, Pittsburgh Forgings Company, by using the machines. The patent in suit is for a blasting machine which is used for cleaning castings, sheet and other metal articles. The Peik invention is alleged to reside in the fact that directional control was given to a blasting machine of the centrifugal type. It is the directional control feature which is stressed by the patent. Peik claims to have achieved this desirable result by a combination of a rotor (or wheel) having segments (or blades) spaced apart to provide passage for the abrasive from the center of the wheel to the periphery; a container (or control cage) at the center of the rotor with an outlet for the abradent; and an impeller within the cage which carries the abradent to the outlet, the cage and impeller cooperating with the passages or blades to discharge the abrasive from the periphery of the wheel at any desired sector in a limited and controlled zone of discharge.

The appellants contend that the patent in suit is for a machine of no practical worth and that therefore the Peik patent

should be held invalid or the claims should be strictly limited; that there was no infringement because the machine alleged to infringe differed as to construction and operation of the rotor and the impeller; that the patent is invalid because it disclosed an inoperative type of impeller; and that the claims in suit were anticipated by three prior patents.

■ We are satisfied that there was evidence to support the finding of the District Court that the patent disclosed for the first time means for directional control of the abrasive material issuing from a centrifugal blasting wheel and that this invention was not anticipated either by Hollingsworth or by Weber and Grocholl. The accused structure infringes claim 16 which is typical of the claims in suit, for it embodies the fundamental concept of the Peik patent, namely, directional control. There was evidence to support the District Court's finding that the invention disclosed was commercially operative even though the preferred embodiment of the invention claimed was perhaps not so practical as the later commercial embodiment.

■ The appellants contend that the patent in suit is invalid because it does not comply with R.S. § 4888, 35 U.S.C.A. § 33, which requires that the applicant for a patent on a machine shall disclose in his application the principle of his invention and the best mode in which he contemplates applying that principle. The issue as to the alleged non-compliance with the cited statute is not specifically raised by the pleadings, nor was it argued to the trial court. There is no assignment of error covering this issue in the original record on appeal to this court. The appellants contend that the answer raises the issue and state that a similar answer was so treated by the Supreme Court in Stelos Co. v. Hosiery Motor-Mend Corp., 295 U.S. 237, 55 S.Ct. 746, 79 L.Ed. 1414. The appellee argues that in the Stelos case, supra, a special notice was given in compliance with R.S. § 4920, 35 U.S.C.A. § 69. We pass by this procedural controversy since we have concluded from our study of the patent in suit that the patentee gave such description of the best mode of using his discovery as would enable others skilled in the art to use it.

The decree of the District Court is affirmed.