## PITTSBURGH FORGINGS CO. et al. v. AMERICAN FOUNDRY EQUIPMENT CO.

### No. 3178.

District Court, W. D. Pennsylvania.

Oct. 20, 1941.

John C. Bane, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for petitioners.

Austin & Seabury, of New York City, and Stebbins & Blenko, of Pittsburgh, Pa., for respondents.

SCHOONMAKER, District Judge.

The Pittsburgh Forgings Company and Pangborn Corporation, on April 24, 1941, filed a petition in this court for leave to file a bill of review, and for a rehearing in the case of The American Foundry Equipment Company v. Pittsburgh Forgings Company and Pangborn Corporation at No. 3178 in Equity, in which this court, on January 18, 1938, entered a decree finding valid and infringed United States Letters Patent 1,953,566, granted to Louis D. Peik for improvements in centrifugal blasting machines, and awarding an accounting. On March 23, 1939, the Third Circuit Court of Appeals affirmed this decree: 102 F.2d 964. The Supreme Court denied certiorari on October 9, 1939: 308 U.S. 566, 60 S.Ct. 78, 84 L.Ed. 475. An accounting under this decree is now proceeding before a special master.

On March 31, 1941, leave was granted by the Circuit Court of Appeals of this Circuit to the petitioners to file in this court a complaint in the nature of a bill of review and for a rehearing: 119 F.2d 619. Thereupon, on April 24, 1941, the defendants filed their petition for leave to file a complaint in the nature of a bill of review and for a rehearing. A rule to show cause was granted on this petition; and the matter came up for hearing on this petition and

supporting and opposing affidavits filed by the parties.

■ Counsel for petitioners contend that while their petition is for leave to file a bill in the nature of a bill of review, it is not such in reality, but rather for all practical purposes it is a petition for a rehearing and should be considered in that category. We agree with this view. Our decree granting an injunction and awarding an accounting was interlocutory and not the final decree in this case. The accounting is now in progress and no final decree has been entered. We shall, therefore, treat this so-called bill of review as essentially a petition for a rehearing under the authority of Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 90, 42 S.Ct. 196, 66 L.Ed. 475.

The petition for review and rehearing is accompanied by the complaint and an affidavit of William F. Hall, one of counsel for petitioners. This complaint and the supporting affidavits aver that since the trial of this action and the decree of the court herein, the petitioners have discovered new material evidence of which they did not, and could not have, had knowledge prior to the grant of U. S. Patent 2,224,647 on December 10, 1940, to Grocholl, which would have required a decree directing the complaint be dismissed.

■ The petitioners are seeking to have considered by this court alleged newly discovered evidence consisting of: (1) U. S. Grocholl Patent 2,224,647, for a directional control blasting machine granted December 10, 1940, alleged to have an effective date at least as early as May 1, 1931; and (2) directional control blasting machine alleged to have been asserted by the American Foundry Equipment Company in the United States Patent Office to have been successfully used in this country by Alfred V. Hollingsworth in 1929 and earlier.

In our opinion, the petition is without merit. In the first place, the German counterpart (German Patent 539,056) of the United States Grocholl patent, now sought to be introduced as newly discovered evidence, was before this court at the trial. It was pleaded in defendants' answer (Par. 16). Evidence as to it was given on the trial, and it was considered by the court. True, it was not discussed in our opinion, but Brush, defendants' patent expert, when on cross examination, was asked to give his best reference in the prior art, selected, not this German counterpart, but United States Parrish Patent 1,166,476, for a seed-thrower, and two earlier Grocholl patents, 512,269 and 519,837, for mold-filling machines.

We assume also from the language of the opinion of the Circuit Court of Appeals that that court also considered this patent, for that court says, 102 F.2d 964, 965: "We are satisfied that there was evidence to support the finding of the District Court that the patent disclosed for the first time means for directional control of the abrasive material issuing from a centrifugal blasting wheel and that this invention was not anticipated either by Hollingsworth or by Weber and Grocholl."

In addition, at the trial of this case there was pending a motion by the present petitioners for the grant of Letters Rogatory, under which interrogatories were to be propounded to witnesses in Germany directed to the Grocholl device and to show its use there.

This motion remained pending till the end of the trial, at which time Mr. Strauch, of counsel for the present petitioners, said: "At this time, Your Honor, I would like to inform the court that, in view of the condition of the record, we will not press the issuance of Letters Rogatory; we are entirely satisfied with the record as it stands." (Trial Record, p. 1197).

We therefore can see no different result in this case, had the United States Grocholl patent been granted before the trial of this case.

The next item of alleged newly discovered evidence is that the American Foundry Equipment Company, in an interference proceeding in the Patent Office involving the Grocholl application which ripened in United States Patent 2,224,647, represented to the Patent Office that the Hollingsworth blasting machines which were manufactured and used at a time prior to Peik patent in suit did embody means for effecting directional control which did not require that a shroud or guard be associated with the rotor; and that this information first came to the present petitioners on the grant of the United States Grocholl patent in December, 1940; whereas, at the trial of the instant case, the American Foundry Equipment Company represented to this court that Peik was the first to provide means for

directional control which did not require a shroud.

We cannot see that this presents any reason for retrying this case. In the first place, the Grocholl-Hollingsworth interference was on the question of priority as between Grocholl and Hollingsworth on claims different from those of the Peik patent, which was not involved in that interference. Certainly arguments of counsel and statements of patentees involved in that interference case have no probative value in the instant case.

The Circuit Court of Appeals of the Second Circuit passed on this very question in General Electric Co. v. P. R. Mallory & Co. et al., 298 F. 579, 585, and ruled against the type of evidence sought to be introduced in the instant case. Circuit Judge Hough said, at page 585 of 298 F.:

"* * * Appellant's objections suggest three questions:

"(a) Should statements, arguments, or opinions of attorneys have been received?

"(b) Should statements of Just and Hanaman, made with respect to patents other than the one at bar and in the Patent Office, have beeen received?

"(c) Should statements of the patentees, made in litigation other than this one, have been received?

"We are of opinion that the rulings below were right in every instance. No authority is produced justifying the reception of statements by a patentee made in other litigations, and it would be a waste of time to point out how repugnant such a procedure would be to every Anglo-American legal concept. The distinction is obvious between using such statements upon the cross-examination of a litigant or privy, and throwing in as original evidence what such a man said somewhere else and under other circumstances."

■ In the second place, even if it could be shown that plaintiff introduced incorrect evidence as to the limitations of the Hollingsworth device, that fact would not constitute a valid ground for reopening this case. In United States v. Throckmorton, 98 U.S. 61, on page 68, 25 L.Ed. 93, Mr. Justice Miller said: "* * * We think these decisions establish the doctrine on which we decide the present case; namely, that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered."

See also Egry Register Co. v. Standard Register Co., 1 F.2d 11, in which the Circuit Court of Appeals of the Sixth Circuit held that alleged fraud in misrepresenting the result produced by a patent device would not present a cause of action in a bill of review.

In the third place, we cannot see that the United States Grocholl patent presents a case of newly discovered evidence. Its German counterpart was introduced in evidence in this case. The Pangborn Corporation had full knowledge of Grocholl's actual work, for Grocholl visited the plant of the Pangborn Corporation in September, 1934, and discussed his machine and patent with Rosenberger, Chief Engineer of the Pangborn Corporation. (Trial Record, pp. 204, 210–213, 219.)

The Pangborn Corporation was originally a party to the interference involving the applications of Grocholl and Hollingsworth, referred to in the petition for review. In August 1935, Strauch & Hoffman, attorneys for the Pangborn Corporation, obtained copies of the Grocholl and Hollingsworth applications, and filed a brief in the Patent Office in opposition to Hollingsworth's motion to add two new claims. (See affidavit of Carlson, Pars. 4, 5, 6.)

We have a similar case in Obear-Nester Glass Co. v. Hartford-Empire Co., 8 Cir., 61 F.2d 31, in which it was sought to reopen because of the issuance, subsequent to the decree, of a patent having a filing date earlier than the patent in suit, and in which the court denied the petition to re-open.

■ On the trial of the instant case, this court, on objection of plaintiff's counsel, excluded the proceedings in the Hollingsworth-Grocholl interference (Trial Record, p. 575) and also excluded a copy of the Hollingsworth application. (Trial Record, pp. 498–592.) Certainly, a bill of review will not lie to permit Pangborn Corporation to go over the same ground.

We therefore conclude the petitioners are not entitled to a review in this case, and shall deny the petition to file a complaint in the nature of a bill of review. An order may be submitted accordingly.