MARTIN v. WYETH, Inc., et al.

No. 6340.

United States Court of Appeals Fourth Circuit.

Argued Nov. 16, 1951.

Decided Dec. 5, 1951.

Basel H. Brune, Chicago, Ill. (William H. Hudgins, Baltimore, Md., and Joshua R. H. Potts, Chicago, Ill., on brief), for appellants.

Benjamin B. Schneider, Chicago, Ill. (Michael P. Crocker, Baltimore, Md., R. Howard Goldsmith, Max Dressler and Schneider & Dressler, all of Chicago, Ill., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for defendant in an action brought to recover damages for infringement of a patent and a trademark and for breach of confidence in an alleged confidential relationship. The patent involved is Patent No. 2,498,374 relating to bougies or suppositories for use in the treatment of mastitis in cows and the method of application which consists merely in inserting the bougies in the teats of the cows. The trademark of plaintiff is "Mastics", the name under which the bougies of the patent are sold, and it is alleged to be infringed by defendant's sale of bougies under the name of "Penstix" to be used in the treatment of mastitis. The alleged confidential relationship is based upon communications between plaintiff and officers of defendant relative to obtaining penicillin for use in the manufacture of bougies. The facts are fully and correctly set forth in the opinion of the District Judge and need not be repeated here.[1] We agree with him, for reasons adequately set forth in his opinion, that the patent is void because it involves nothing more than the adoption of an old device to a new and analogous use, that plaintiff's trademark has not been infringed and that no actionable breach of a confidential relationship has been established.

Plaintiff's idea of using the soluble bougie for the purpose of introducing medicaments into the udders of cows afflicted with mastitis was a new and valuable idea; but it is elementary that ideas are not patentable. The patent related to the bougies and the method of inserting them; but bougies were old in the medical art and the method of using them for the treatment of mastitis, since it was the mere application of an old object to a new and analogous use, did not constitute patentable invention. Pennsylvania R. Co. v. Locomotive Engine S. Truck Co., 110 U.S. 490, 494, 4 S.Ct. 220, 28 L.Ed. 222; Goldman v. Polàn, 4 Cir., 93 F.2d 797, 799; Walker on Patents, 6th ed., vol. 1, p. 96 et seq.

Affirmed.

1. Martin v. Wyeth, Inc., D.C., 96 F.Supp. 689.