The B. F. GOODRICH COMPANY,
Appellant,

v.

UNITED STATES RUBBER COMPANY,
Appellee.

No. 7392.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1957.

Decided May 16, 1957.

Stephen H. Philbin, New York City (Semmes, Bowen & Semmes, Baltimore, Md., William K. Kerr, New York City, and R. G. Jeter, Akron, Ohio, on brief) for appellant.

Theodore S. Kenyon, New York City (Venable, Baetjer & Howard, Baltimore, Md., Malvin R. Mandelbaum, Kenyon & Kenyon, Paul H. Arthur, Frederick W. Wood, Irwin M. Lewis, and Arthur, Dry & Dole, New York City, on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from a judgment for defendant in an action brought by the B. F. Goodrich Company against the United States Rubber Company for infringement of U. S. Patent No. 2,587,470 relating to a tubeless tire for automobiles. The patent was issued to one Herzegh, an employee of Goodrich, in 1952 on an application filed in 1946. The District Judge has filed a comprehensive opinion in which the facts are carefully and correctly set forth and analyzed and the prior art is reviewed at length. He held that the patent was invalid for lack of invention over the prior art, that its claims were void for indefiniteness and that, even if valid, it was not infringed. B. F. Goodrich Co. v. United States Rubber Co., D.C.Md., 147 F.Supp. 40. As we are of opinion that he was correct in holding the patent invalid for lack of invention over the prior art, we shall confine our discussion to that point.

The patent relates to a tubeless tire for automobiles having circumferentially continuous ribs molded integrally with the bead portions, so that they will be forced by the pressure of the air inside the tire into sealing engagement with the flanges of the metal rim of the wheel, and a lining composed of a "substantially impervious" butyl type rubber composition extending from the bead on one side of the tire to the bead on the other side but terminating short of the ribs. The problem was to seal the tire at its connection with the flanges of the rim in such way as to prevent the escape of air from within and to give it a type of lining which would prevent air penetrating its carcass. This was accomplished by using the pressure of the air inside the tire to press the ribs molded on the heel against the flanges of the rim and by lining the carcass with an impervious "butyl type" rubber composition. The lining was stopped short of the ribs because the butyl type rubber of the lining was not tough enough to stand the sort of wear to which the ribs were subjected. Claim 19 of the patent, which is typical of the claims relied on, is as follows:

"19. A one-piece pneumatic tubeless tire comprising an open-bellied hollow annular body of arcuate cross

section having a tread portion and outwardly bowed side walls terminating in spaced-apart bead portions adapted to seat on the flanges of an annular rim of straight-side flange construction, the arcuate extent of said body from bead portion to bead portion being such that upon inflation of said body with the bead portions seated on said rim flanges the maximum width of the body lies in a zone intermediate the bead and tread portions thereof and is substantially greater than the bead spacing, means for sealing the joints between the bead portions of said body and the flanges of said rim against the escape of air from within said body when the tire is inflated comprising a plurality of circumferentially continuous ribs molded integrally with said bead portions and extending outwardly from the axially outer face of said bead portions, said ribs being of the same material as the side walls of said body and being urged into sealing engagement with the rim flanges by the air pressure within said body when the tire is inflated and said ribs in their undistorted shape prior to being pressed against the rim flanges having an outwardly convex, approximately semi-circular cross-section, and relatively thin lining of substantially impervious butyl type rubber composition adherent to and completely covering the inner surface of said body, said lining extending continuously from one bead portion to the other and terminating short of the outer surfaces of said ribs on said bead portions."

Many patents had been filed in the Patent Office covering tubeless tires, as pointed out by the District Judge. Many of these prescribed liners for preventing air from permeating the carcass and many of them prescribed circumferential ribs for sealing the tire against the flanges of the rim. See 147 F.Supp. at pages 79–80. As the function of the sealing ribs was entirely separate and distinct from the function of the liner, it was not invention but mere aggregation to bring the two together to perform their separate functions separately. Victor Cooler Door Co. v. Jamison Cold Storage Door Co., 4 Cir., 44 F.2d 288; Demco v. Doughnut Mach. Corp., 4 Cir., 62 F.2d 23; Hailes v. Van Wormer, 20 Wall. 353, 22 L.Ed. 241; Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162. And it was not invention to substitute a modern material, butyl, for the rubber lining of the older patents. Goldman v. Polan, 4 Cir., 93 F.2d 797, 799 and cases there cited.

One of the patents relied on by defendant, the British Killen patent, No. 329,955, issued in 1930, showed the combination of sealing ribs with an impervious liner, being for a tubeless automobile tire having a leakproof rubber liner and ribs to press against the flanges of the rim. While it does not appear that tires made under this patent entered into commercial use, tires were made for the purposes of the trial in accordance with its teachings and were found satisfactory. Butyl had not been invented at the time this patent was applied for; but, as indicated above, it did not constitute invention to use this improved material instead of the rubber of the Killen patent. This was the opinion of the patent attorney of the Goodyear Rubber Company, who advised that the attempt of that company to obtain a patent on a tubeless tire having a butyl lining be abandoned as anticipated by Killen.

This Goodyear tire which was patented in South Africa* and Australia by Wingfoot, a subsidiary of Goodyear, is unquestionably an anticipation of the patent in suit, as it shows both the butyl liner and the sealing ribs. Plaintiff attempts to distinguish it on the ground that its sealing ribs were made of the

* Wingfoot South African Patent of Nov. 17, 1944, No. 463/44.

same butyl material as the liner; but it taught that the sealing ribs might be of rubber instead of butyl. Even if this were not so, it certainly did not rise to the dignity of invention to use rubber instead of butyl for the ribs when it was found that butyl was not satisfactory and the use of rubber ribs molded in the heel of the tire was taught by prior tubeless tire patents and such ribs were in general use on ordinary tire casings to eliminate the thumping noise which sometimes arises in connection with the use of such casings. It is significant that patent counsel of plaintiff wrote its president with regard to this tire and that the only difference pointed out was that it did not have the puncture sealant of the Goodrich tire.

Reference should be made, also, to the McNeill & Eger patent application of 1932 by employees of the defendant United States Tire and Rubber Company, which was abandoned on the advice of patent attorneys that a dominating patent could not be obtained in view of the citation of the Killen British patent. The application described sealing means for cooperation between the bead portion of the tire and the rim and a lining for the tire "intended to cover the use of any material which may be applied to the interior of a conventional tire for rendering it air tight". And we may not overlook the public use in 1942 of a tubeless tire in Tulsa, Oklahoma, by John B. McGay, who demonstrated that ordinary tire casings without inner tubes could be used as tubeless tires and recommended that for optimum results the tires should be lined with a synthetic material impervious to air to prevent the seepage of air through the tire carcass.

The Killen and Wingfoot patents were not before the Patent Office, nor was reference made to the abandoned applications of Goodyear and McNeill & Eger, nor to the demonstrations and teachings of McGay. The presumption of validity arising from the issuance of the patent is accordingly very much weakened. The action of the Patent Office seems to have been influenced by the claim of commercial success; but it is clear that the commercial success attained by the Goodrich tires was not due to the simple combination taught by the patent, but to changes subsequently made, some of which are covered by a subsequent patent to Sarbach, not alleged to be infringed by defendant. Tires made by Goodrich according to the patent in suit did not attain a high degree of success and gave rise to numerous claims against the company arising out of defects. It was found that the butyl lining lost tack and would not adhere properly to the body of the carcass and that air seeped into the carcass around the beads. Not until rubber was combined with the butyl and the bead portions of the carcass were protected by chafer strips upon which the ribs were molded and the tire was provided with a puncture sealant, which was highly advertised, was any outstanding commercial success attained. Success based on these improvements cannot be availed of to impart validity to a patent which was of itself void for lack of invention over the prior art.

Affirmed.