Samuel **WEISBROD**, Plaintiff

v.

S. **GLUCK & CO.**, Inc., and Samuel Gluck, Defendants.

Civ. A. No. 22805.

United States District Court
E. D. Pennsylvania.
June 30, 1960.

As Amended July 26, 1960.

Zachary T. Wobensmith, 2nd, Philadelphia, Pa., for plaintiff.

Caesar & Rivise, A. D. Caesar, Philadelphia, Pa., for defendants.

KRAFT, District Judge.

Plaintiff has charged the defendants with patent infringement, praying for an award of damages, an injunction and other appropriate relief. Defendants have denied infringement and counterclaim for a declaratory judgment declaring the patent invalid and not infringed. The individual defendant has also moved to dismiss.

The case was tried to the court, and the following embraces our findings of fact and conclusions of law.

Plaintiff patentee is the owner of Patent No. 2,727,983, dated December 20, 1955, relating to lamp shades and methods of making them. The lamp shade is of the type consisting of a metal framework and a fabric covering drawn around and secured to the framework. The framework consists of an upper and a lower ring held apart by a plurality of wire ribs. Both rings are covered with spirally wound tape. By means of a sewing machine the fabric cover is sewn to the upper edge of the tape around the top ring and to the lower edge of the tape around the bottom ring.

The claims in suit are claims 1 and 8 which read:

"1. A lamp shade comprising an uppermost ring, a lowermost ring, a plurality of ribs for maintaining said rings in spaced axial relation, an enclosing member encasing said uppermost ring and having a portion extending axially upwardly beyond said uppermost ring and disposed above said ribs, a second enclosing member encasing said lowermost ring and having a portion extending axially downwardly beyond said lowermost ring and disposed below said ribs, a cover layer secured at its upper part to said first mentioned portion by a continuous horizontal row of stitches disposed upwardly beyond said uppermost ring and secured at its lower part to said second mentioned portion by a continuous horizontal row of stitches disposed downwardly beyond said lowermost ring, said cover layer be-

tween said rows of stitches being under tension by said rows of stitches."

"8. The method of manufacturing fabric lamp shades having lowermost and uppermost rings held in spaced axial relation comprising applying an enclosing covering to each of said uppermost and lowermost rings, and securing a fabric covering layer to each of said enclosing coverings axially outwardly beyond its ring by a continuous row of machine stitches and under tension between said rows of stitches."

The patent, by statute, is presumed to be valid and the burden of establishing its invalidity rests on the defendants. 35 U.S.C. § 282. Our review and consideration of the evidence persuades us, in the light of the relevant authorities, that the defendants have met that burden.

The statute requires a specification, and provides (35 U.S.C. § 112):

"The specification shall contain a written description of the invention, *and of the manner and process of making and using it*, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention.

"The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." (Emphasis supplied.)

Failure to comply with any requirement of this section, inter alia, renders the patent invalid. 35 U.S.C. § 282(3). The evidence, as we view it, clearly establishes such noncompliance, and the consequent invalidity of the patent.

The evidence discloses the impossibility, in practice, of manufacturing plaintiff's lamp shade without the use of a "guide" attached to the sewing machine. So much appears from plaintiff's own testimony.

"Q. Do I understand this correctly? In your machine when you're sewing the covering onto the tape it is the tapes around the rings which press against this arm? A. No, against the guide.

"Q. Why does it do that? A. So that the needle will be kept the proper distance from the steel in the frame, and won't hit the steel. It will hit into the tape.

"Q. And it will sew the covering to the tape? A. That's right.

"Q. If the guide were too far away, what would happen? A. It wouldn't work.

"Q. What would happen? A. You'd break the needle.

"Q. How? A. You'd try to pass it through the steel, and it cannot be done.

"Q. By steel you mean the rings? A. The rings, yes.

"Q. Without the guide the needle would strike the rings and break? A. That's right.

"Q. Would you be able to make just a few stitches that way? A. You wouldn't make any."

However, the specification of the patent application fails completely to make any mention of the vital element of a guide on the sewing machine. The patent application repeatedly asserts that the upper and lower rings on the lamp shade frame themselves act as guides; for example (Column 2, lines 57–70):

"The row of stitches 27 is applied just above the top edge face of the ring 20 so that that *face of the ring 20 may act as a guide for the needle* of the sewing machine used to apply the row of stitches 27. The layer 25 is pulled downwardly to obtain the desired degree of smoothness and tautness and the lower portion thereof fastened to the bottom of the frame by a row of machine applied stitches 28, as shown in Fig. 3,

in a manner similar to that employed for securing the upper portion of the layer 25. At the lower portion of the layer 25, the row of stitches 28 is applied just below the bottommost edge face of the ring 21 and *that face is used as a guide for the needle* in a manner similar to that previously described." (Emphasis supplied.)

Plaintiff conceded on cross-examination, however, that the rings could not serve as guides. Clearly, the rings themselves must be guided by some means on the machine, but this is not disclosed.

The complete omission of any mention of the guide attachment on the sewing machine, which plaintiff found essential to success, appears all the more remarkable in view of plaintiff's admission that he had made the guide prior to his application for the patent. It is unnecessary to charge the plaintiff with a fraud on the Patent Office, as defendants do, but we think the omission invalidates the patent.

Plaintiff contends that the invention in issue is a lamp shade constructed in a particular manner, and not a sewing machine or a sewing machine attachment. So much may be granted. The fact remains, however, that the statute requires "a written description of the invention, *and* of the manner and process of *making and using* it, in such full, clear, concise, and exact terms as *to enable* any person skilled in the art to which it pertains, or with which it is most nearly connected, *to make and use* the same." In our view compliance with the statute required disclosure of the necessity for or use of the guide attachment. See Stelos Co. v. Hosiery Motor-Mend Corp., 295 U.S. 237, 55 S.Ct. 746, 79 L.Ed. 1414.

This patent claims the invention enables shades to be machine stitched by unskilled labor. The record shows, however, that not only was it essential to use a guide on the machine, but also that, while the stitching was being done, at least on the second end, the covering had to be manually stretched and held under tension by the machine operators and the guide had necessarily to be of a kind to permit this readily to be done. The patent wholly fails to mention these things.

Plaintiff insists that "the provision of a guide as required or desired is obvious to those skilled in the art." However, this patent application repeatedly asserted, as we have already noted, that the upper and lower rings on the lamp shade frame themselves act as guides. Those to whom these statements were addressed were entitled to accept them at face value. The vital omission is any suggestion of *how* they are to act as guides.

Quite obviously, the patent fails to "set forth the best mode contemplated by the inventor of carrying out his invention." 35 U.S.C. § 112.

The purpose served by the description is set forth in The Incandescent Lamp Patent, 159 U.S. 465, at page 474, 16 S. Ct. 75 at page 78, 40 L.Ed. 221, where the Court, speaking of a similar provision in the earlier law, said:

"The object of this is to apprise the public of what the patentee claims as his own, the courts of what they are called upon to construe, and competing manufacturers and dealers of exactly what they are bound to avoid. Grant v. Raymond, 6 Pet. 218, 247 [8 L.Ed. 376]. If the description be so vague and uncertain that no one can tell, except by independent experiments, how to construct the patented device, the patent is void."

Failure of the specification to meet the requirements of 35 U.S.C. § 112 in that it does not adequately teach how to carry out the invention in practice is, of course, fatal to the validity of *all* of the claims.

It is clear, too, that claim 1, directed to a lamp shade as an article of manufacture, does not particularly point out and distinctly claim "the subject matter which the applicant regards as his invention." 35 U.S.C. § 112. The essence of plaintiff's invention appears in

the following part of plaintiff's cross-examination:

"Q. To get the things clear in my mind, as far as winding of the tape around the bottom of the frame is concerned, that is old, isn't it? It was done long before your so-called invention. A. Yes.

"Q. And the only difference between what we have now and what was done before is that you have sewing by machine instead of what was done formerly by hand? A. Yes."

Yet, claim 1 nowhere states that the stitches are machine stitches. Hence, it not only fails to point out plaintiff's invention, but it reads on the hand-sewn shades which admittedly preceded it.

 Despite the presumption of the patent's validity—strengthened by the fact that the Greenberg patent was considered by the Patent Office on the present application—we are persuaded of the merit of defendants' further contention that the aforesaid claims of the patent in suit are anticipated by prior art.

The prior art, as demonstrated by the Greenberg and Brockman patents, discloses machine stitching of lamp shade covers to the frames. The plaintiff frankly conceded that the spiral winding of tape around the rings and the hand stitching of the cover to such tape was an old practice, but contended that the difference—and the only difference—was the substitution of machine stitching for hand stitching.

The mere substitution of machine stitching for hand stitching in an otherwise admittedly old lamp shade construction does not, *per se*, appear to be anything more than an obvious thing to do; but, if it is, the Greenberg patent had already disclosed machine stitching of lamp shade covers to the tape on the ring in a position outwardly of the ring's edge, and had indicated substitution of a different machine head with a different needle arrangement to procure a different stitching. If more than mere mechanical skill was necessary to utilize

these teachings so as to sew the cover only to the outer edge of each spirally wound tape, then the patentable invention here was in the "how-to-do-it" category and here the patent in suit is eloquently silent.

We conclude, therefore, that patent 2,727,983 and claims 1 and 8 thereof are invalid for failure to comply with the requirements of 35 U.S.C. § 112 and for want of any invention patentable under 35 U.S.C. § 101.

Settle order accordingly and submit within twenty days.