# DAVIS *v.* HARPER.

APPELLATE PRACTICE; ASSIGNMENTS OF ERROR; NOTICE; JUDG-
MENT LIENS; WRITS OF EXECUTION; FRAUDULENT CONVEY-
ANCES; EQUITY; EQUITY PLEADING; PARTIES.

1. Assignments of error containing mere abstract propositions of law
are improper.
2. Knowledge by a grantee in a deed of real estate, at the time of the
conveyance, of the existence of a claim against the grantor
which might at some time be reduced to judgment, and which,
if so reduced to judgment, might be enforced against the real
estate, if it still remained the property of the grantor, will not
justify the setting aside of the deed as fraudulent at the suit
of the creditor.
3. A judgment of a justice of the peace is not a lien against real
estate or personal property, until possibly after levy is made.
4. The issue of a *fi. fa.* out of the Supreme Court of this District upon
a judgment of a justice of the peace recorded in that court, is
a waiver of a previous writ of execution issued by the justice.
5. On an appeal from a decree dismissing a judgment creditors' bill
to vacate a conveyance of real estate by the debtor to a third
party upon the ground that they colluded in the transaction
to defraud the creditor, where the answers positively deny
such charge and the appellant fails to include the testimony in
the transcript of the record on appeal, this court will assume
that the charge was without foundation.
6. Where a judgment is a legal lien upon real estate, such lien is en-
forceable by sale of the property and does not require the aid
of a court of equity to enforce it.
7. A lawyer employed to examine the title of real estate and to pre-
pare a conveyance of it, is not a proper party to a creditors'
bill to set aside the conveyance as fraudulent, when he is not
charged with having any interest in the matter and no relief
is sought against him.

No. 865. Submitted March 23, 1899. Decided April 4, 1899.

HEARING on an appeal by the complainant from a decree
of the Supreme Court of the District of Columbia, dismiss-
ing a creditors' bill. *Affirmed.*

The COURT in its opinion stated the case as follows:

The appellant, George E. Davis, as the plaintiff in pro-

ceedings instituted before a justice of the peace, recovered
judgment against the appellee, James E. Nalley, the defend-
ant in those proceedings, for the sum of $21.41 and costs.
On this judgment he caused a writ of execution to be issued
and placed in the hands of a constable.    This was on Sep-
tember 25, 1897.    The constable, claiming to have levied
on a piece of real estate belonging to Nalley, advertised it
for sale; but, at the instance of the appellant, the sale was
abandoned, on the ground, it is said, that the description of
the property in the advertisement was defective; and the
writ of execution was returned unsatisfied on October 4,
1897, with the endorsement on it by the constable: "No
personal property found whereon to levy."    On October 5,
· 1897, the judgment was recorded in the office of the clerk
of the Supreme Court of the District; and on the same day
a writ of *fieri facias* was issued thereon, which, also on the
same day, by direction of the counsel for the plaintiff in the
proceedings, was returned "*nulla bona.*"

On October 2, 1898, there was executed and recorded a
deed of conveyance from the appellee, James E. Nalley, to
the appellee, Marian A. Harper, whereby the former con-
veyed to the latter two pieces of real estate in the District,
one designated as Lot 93, in a subdivision of a tract known
as Long Meadows, which was subject to a deed of trust re-
corded on June 11, 1896, to secure a sum of $1,000; and the
other designated as part of Lot 46, of another subdivision of
the same tract of Long Meadows, in which the title of the
parties was an unencumbered fee simple.    This latter piece
of land was a small stable lot, forming a parallelogram nine-
teen feet by ten feet, lying to the rear of the other, but sepa-
rated from it by an alley about ten feet wide.    And it was
the property proposed to be sold by the constable under the
writ of execution before referred to, although the description
in the advertisement gave it an erroneous or impossible lo-
cation.

Thereupon the appellant, as complainant, filed a bill in

equity to vacate this deed as being null and void as against him, on the ground apparently that the defendants, Harper and Nalley, and also the defendant Evans, as the alleged attorney and agent of the other two parties and who had prepared the deed of conveyance, had conspired to defraud the complainant and to prevent the complainant from realizing the fruits of his judgment. And the prayer of his bill was that the deed from Nalley to Harper should be decreed to be void as against the complainant; or, in the alternative, that the judgment should be declared to be a lien on the property next after the deed of trust of June 11, 1896, but superior to the deed of conveyance from Nalley to Mrs. Harper. And there was also the prayer for general relief. In this bill of complaint the two lots mentioned in the deed were set forth and sought to be reached; but the stable Lot 46, instead of being correctly described as in the deed, was described with the erroneous or impossible description contained in the constable's advertisement of sale.

The answers of the three defendants to the bill were all substantially to the same effect. In them the ownership and conveyance by Nalley of any such Lot 46 as was described in the bill was denied; as was also any purpose to defraud the complainant or to prevent him from realizing the amount of his claim. It was averred in them that the deed had been executed for a valuable consideration and in pursuance of negotiations that had been pending for two months. It was admitted that Evans acted as the agent of Mrs. Harper in the transaction; but it was denied that he was in any manner the agent or attorney of Nalley. And Evans in his answer admits that he had knowledge of the complainant's claim against Nalley, and had seen the advertisement of sale; and he adds that, not regarding that there was any lien upon the property other than the deed of trust for $1,000 which has been mentioned, he advised Mrs. Harper that she could safely make the purchase.

Whether there were any replications filed to these answers,

14 Ct. App.—31

does not appear from the record before us. There was testimony taken, however, apparently very voluminous; but that testimony was all omitted from the transcript of record brought to this court by the express direction of the appellant.

The court below dismissed the bill. As we are advised by the opinion of the justice who presided at the hearing, and which opinion has been incorporated into the transcript of record, the decree of dismissal was based mainly upon the total failure of the evidence to show any fraud, collusion, or bad faith on the part of the defendants. It appears, also, that, rather than continue this litigation, Mrs. Harper had offered to pay the complainant $30 or $35 in satisfaction of his claim, which seems to be more than the amount of the claim; but that the offer was refused.

There was a petition for a rehearing, which was denied; and this petition has been incorporated into the transcript of record; but it has no place before this court, and we can take no cognizance of it.

From the decree of dismissal the complainant has appealed to this court.

*Mr. J. H. Adriaans* for the appellant.

*Mr. Edwin Forrest* and *Mr. Richard P. Evans* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

During the pendency of the cause here various motions have been interposed—among them, one by the appellees suggesting a diminution of the record, on account of the failure of the appellant to bring up the testimony taken in the cause, which motion was allowed. But neither party was willing to pay for the transcript of this testimony; and the appellant has taken the risk of proceeding to a hearing without it. There was also a motion by the appellees to dismiss the appeal, for the failure of the appellant to bring

up a proper record; and this motion was postponed to the hearing of the case on the merits.

There are five assignments of error on behalf of the appellant which are stated as follows:

1. That a sale of real estate upon execution of a justice of the peace by a constable for the District of Columbia is of "doubtful validity."

2. That the advertisement of such sale is not taxable as costs in the judgment.

3. That a trivial error in the advertisement vitiates it entirely or renders its inclusion in the taxation of costs "fraudulent."

4. That notice to an attorney does not bind the principal.

5. That an offer of compromise is such evidence of good faith as to justify the dismissal of the bill, which would otherwise be sustained.

These assignments are so plainly improper and insufficient that we would be justified in dismissing them summarily from our consideration. So far as they are dissociated from the evidence and the facts in the case, they are no more than abstract propositions of law. And this court has not been organized to pass upon abstract propositions of law. It does so only in the determination of concrete cases. Why should we be called upon to determine whether a sale of real estate in this District by a constable upon execution issued by a justice of the peace, is of "doubtful validity," or of any validity, when there has been no such sale in the case before us? The appellant attempted to procure such a sale, and voluntarily abandoned it. Why should we pass upon the value of his attempt? It is not at all involved in the case. For the same reason the matter of the taxation of the costs of the advertisement of such sale is not before us. When there is no sale, there can be no question of the taxation of the costs of sale.

It is propounded in the third assignment of error, that "a trivial error in the advertisement should not vitiate it

entirely or render its inclusion in the taxation of costs *fraudulent*;" and the word *fraudulent* seems to be taken as a quotation from the opinion of the court below. This assignment is open to the same criticism as the two preceding assignments; and, moreover, it is not made manifest by the record wherein the triviality of the error consists. The error in the advertisement seems to us rather grave. The advertisement does not describe the same property which is described in the deed that is attacked.

It is also averred in the fifth assignment, that it was error to hold "that notice to an attorney does not bind the principal." We find no such proposition of law stated in the opinion of the court below or implied in the decree of dismissal of the complainant's bill. So far as the abstract proposition may be supposed to apply to the facts of the case before us, the argument is that the defendant Evans, having notice of the complainant's claim against Nalley, and of the judgment against the latter, and the levy upon his property, his principal, Mrs. Marian A. Harper, was chargeable with such notice. But even assuming all this to be so, the consequences claimed by the appellant do not follow.

Of course, one person is not precluded from receiving a conveyance of real estate from another by the mere fact that he knows of the existence of a claim against that other which might be at some time reduced to judgment, and which, if reduced to judgment, might possibly be enforced against a piece of the real estate covered by the conveyance, if that real estate still remained the property of the person liable. A contrary proposition would be preposterous. Nor is this at all modified by the fact that the liability may have been reduced into a judgment before a justice of the peace. No third person is bound to take notice of any such judgments. They bind no one but the parties to them; and they are not a lien upon any property, either real or personal. If it is possible for them to become liens upon real estate, it is only from the time of levy made upon it and by virtue of such

levy. In the present case there is no proof that any levy was ever made. The constable's advertisement does not show it, and there is no evidence of it anywhere. It is true it is alleged in the bill to have been made; but the answers do not admit anything of the kind; and in the total absence of proof the allegation is worthless. Clearly the complainant had acquired no lien upon any property of Nalley by his proceedings before the justice of the peace or through the action of the constable, so far as that is disclosed in the record. And even if he had acquired such a lien, the return of the writ unsatisfied by the constable would plainly have put an end to it. That writ, when returned unsatisfied, was *functus officio*; and the reference in the return to the inability to find any personal property did not keep the writ outstanding as to real estate. And even if this were not so, the issue of a subsequent writ of *fieri facias* out of the Supreme Court of the District, after the judgment of the justice of the peace had been recorded there, was an evident waiver of the previous writ issued to the constable. There can not be two writs of execution upon the same judgment outstanding at the same time.

Assuming, however, as we may assume from the record before us, that, by virtue of the knowledge of Evans, as her attorney, the appellee, Marian A. Harper, had full legal notice of the appellant's judgment against Nalley, we do not understand that it can reasonably be claimed that such knowledge will bind her to such liability as is sought to be enforced here, unless she has colluded with Nalley in the transaction to defraud the complainant. This conclusion of law seems not to have been forgotten in drawing the bill of complaint; for there such collusion is charged. But the charge is positively denied in the answers; and from the absence of the testimony by the deliberate action of the appellant, we are justified in assuming that the charge was absolutely without foundation.

The fifth assignment of error, to the effect that it was error

in the court below to hold "that an offer of compromise is such evidence of good faith as to justify the dismissal of the bill which would otherwise be sustained," is so utterly irrelevant to the record before us that it would be improper for us to give it any consideration whatever.

It has been further argued, however, on behalf of the appellant, that, even if the deed of conveyance from Nalley to Mrs. Harper should not be held null and void as to the complainant, the claim of the latter should be declared to be a lien on the property superior to the deed. But it is not apparent how this second proposition differs substantially from the first. It is but another way of expressing the same thing. The complainant has no right to a prior lien, unless as to him the deed is null and void. If the complainant ever had any lien, or any right to lien upon any part of the property involved in these proceedings—and there is nothing in the record before us to show that he had—it was only upon part of Lot 46, by virtue of the constable's levy, if levy there was, which, as we have said, does not appear; and that lien was a legal lien, which it does not require the aid of a court of equity to enforce. If it was a good and valid lien, it could have been enforced by the sale proposed to be made by the constable.

In disposing of this case, we must animadvert upon a fact patent upon the record, and yet to which the defendants seem to have taken no exception; and we do so in order to prevent the peculiar action taken in this case from being cited hereafter as a precedent. The appellee Evans has been joined as a defendant to the bill of complaint without any justification whatever. He is not charged with having any interest in the matter; and no relief of any kind is prayed against him. No decree that could be rendered in the cause could by any possibility affect him. He is brought in simply because he was the agent of the other parties, or of one of them only, as it turns out. But it is manifestly improper to make him a party for any such reason as this. If

a lawyer, employed to examine the title to real estate, can not pass upon that title except at the risk of being made a party to a bill in equity for fraudulent practices, the matter of the examination of titles will become an extremely hazardous business.

It is unnecessary in this case to pass upon the motion pending in it for the dismissal of the appeal; for we find no merit in the case, and the practical result will be the same whether we dismiss the appeal or affirm the decree from which the appeal has been taken. The latter course seems to be the preferable one.

The decree of the Supreme Court of the District of Columbia in the premises will be *affirmed, with costs. And it is so ordered.*