**MINNESOTA MINING & MFG. CO. v. COE.**
**No. 6940.**

United States Court of Appeals for the
District of Columbia.
Decided Aug. 15, 1938.

Rehearing Denied Dec. 9, 1938.

H. H. Benjamin, of Washington, D. C., and William H. Abbott, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C., Solicitor, United States Patent Office, for appellee.

Frank E. Liverance, Jr., of Grand Rapids, Mich., and John Boyle, Jr., of Washington, D. C., amici curiæ.

Before GRONER, STEPHENS and MILLER, Associate Justices.

MILLER, Associate Justice.

On October 28, 1925, Klein and Brown, appellant's predecessors in interest, applied for a patent upon a process for the manufacture of waterproof sheet abrasive material, in the nature of sandpaper. On October 9, 1928, a patent was issued to them containing four claims. Subsequent thereto Klein and Brown surrendered their patent, alleging the specification to be defective and insufficient; and on October 2, 1930, they applied for its reissue. This application, as amended, contained the original claims and several additional ones. The claims, which were the same as those contained in the original patent, were allowed by the Patent Office, and the others were rejected. Appellant, appearing as assignee in interest of Klein and Brown, brought suit under § 4915, R.S., 35 U.S.C.A. § 63; and the lower court, in its decree dismissing appellant's bill, held that the rejected claims in suit were unpatentable. In our view the decision of the lower court was correct.

On this appeal, appellant has withdrawn all claims except three, which are printed in the margin. [1]

---

[1] "5. The process of making sandpaper which includes consolidating a free grit or layer of abrasive particles and a coating of bonding agent including essentially a fusible resinous material upon a backing while heating same."

"12. In the process of making a waterproof sandpaper the steps which include

In support of its position that the claims in suit were lacking in invention, the Board of Appeals of the Patent Office relied upon ten references, consisting of patents granted from 1872 to 1930. The lower court relied particularly upon patents to Okie, 1,565,028, December 8, 1925; 1,581,-657, April 20, 1926; 1,635,801, July 12, 1927; and Reissue 17,593, February 11, 1930; the British patent to White, 209,872, January 24, 1924; and patents to Martin, Reissue 17,739 and 17,740, both of July 22, 1930; and made findings of fact, among others, as follows:

5. The patents to Okie, Nos. 1,565,028, 1,581,657, 1,635,801 and Reissue 17,593 disclose flexible abrasive articles, in the nature of sandpaper, and the process for making the same, in which a resinous binder, consisting of a resin or gum with a suitable vehicle such as China wood oil, is applied to a paper backing, abrasive is applied to the binder, with the use of pressure, if desired, and the sheet dried.

6. The British patent to White, No. 209,-872, discloses a process for making a waterproof article, in the nature of sandpaper, in which the paper backing is immersed in a bath of cotton seed oil and thinned, if necessary, with benzine, applying thereto a varnish containing resinous material, applying abrasive to the varnish, and drying the article by baking.

7. The patents to Martin, Reissue Nos. 17,739 and 17,740, disclose abrasive disks to be used in machines known as "disk grinders" and the process for making the same, by applying to the backing of cloth or paper a mixture of abrasive grains and a resinous material, which may be shellac, and then subjecting the article to heat and pressure in a mold.

An examination of the references relied upon by the lower court reveals that the findings above quoted were proper. Although the Klein and Brown process may have constituted an improvement, yet all improvement is not invention and entitled to protection as such. To constitute invention improvement must involve something more than what is obvious to persons skilled in the art to which it relates. Pearce v. Mulford, 102 U.S. 112, 118, 26 L.Ed. 93. These principles have been many times stated in the cases, and there is nothing in the facts as they appear in the record to make such principles inapplicable in the present case. See Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 27 L.Ed. 438; Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U.S. 285, 293, 37 S.Ct. 502, 61 L.Ed. 1136.

But appellant contends that the applications upon which patents issued to Okie and Martin—and which are among the references relied upon by the lower court—were co-pending in the Patent Office with the Klein and Brown original application, upon which the reissue application in the present case is based; and that such co-pending references cannot be combined with each other and with other references to anticipate the claimed invention. We assume, without deciding, that this question is properly before us. [2]

In Alexander Milburn Co. v. Davis-Bournonville Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651, a similar question arose in connection with an alleged infringement of a patent issued to one Whitford. The defendant in that case relied upon a patent issued to one Clifford and contended that Whitford was not the first inventor of the thing patented. Clifford's application was filed on January 31, 1911; Whitford's application was filed on March 4, 1911. A patent was issued to Clifford on February 6, 1912; a patent was issued to Whitford on June 4, 1912. Clifford's application gave a complete and adequate description of the thing patented to Whitford, but did not claim it. The court held that Whitford was not the first inventor and hence not entitled to a patent. It declined to accept the reasoning of the Circuit Court of Appeals distinguishing between a patent and

overlying abrasive particles upon a flexible backing in sheet form with a coating of a fusible binder including essentially a resinous material, the binder being in the unfused condition by chilling, and then consolidating the bonding agent and abrasive particles, finally solidifying the resinous binder so consolidated."

"19. The method of forming an abrasive article in the nature of sandpaper which comprises applying a binder coating of a substantially vehicle-free fusible binder to a flexible carrier, applying a grit or layer of abrasive to the carrier to be deposited in an unbonded condition, and fusing said binder to bond the abrasive to the carrier and maintain the composition flexible."

[2] See Rule 8, par. 5, and Rule 5, par. 3, United States Court of Appeals; Davis v. Harper, 14 App.D.C. 463; Bernhardt v. City & S. Ry. Co., 49 App.D.C. 265, 263 F. 1009.

an application in effecting a disclosure. 2 Cir., 1 F.2d 227.

Appellant would distinguish the Milburn Co. Case on the theory that its holding depends upon a showing that the invention in controversy is the previous invention of someone other than the claimant; hence, that the case is authority solely for the proposition that a co-pending reference may be relied upon to defeat a claim of first invention, only, when it, alone, gives a "complete and adequate description" of the thing for which the later applicant seeks a patent. But such a conclusion cannot properly be drawn from that case, even though it chanced.that the application therein did give a complete and adequate description of the thing patented to the later applicant. The important consideration was that the co-pending application disclosed knowledge upon the part of the earlier applicant inconsistent with the allowance of the later applicant's claim. The Court used the analogies of disclosure by publication in a periodical and of disclosure by issuance of a patent. It stated (page 400, 46 S.Ct. 325) that the invention was made public property as much in the one case as the other, and then continued:

" * * * But if this be true, as we think that it is, it seems to us that a sound distinction cannot be taken between that case and a patent applied for before but not granted until after a second patent is sought. The delays of the patent office ought not to cut down the effect of what has been done. The *description* shows that Whitford was not the first inventor. Clifford had done all that he could do to make his description public. He had taken steps that would make it public as soon as the Patent Office did its work, although, of course, amendments might be required of him before the end could be reached. We see no reason in the words or policy of the law for allowing Whitford to profit by the delay and make himself out to be the first inventor when he was not so in fact, when *Clifford had shown knowledge inconsistent with the allowance of Whitford's claim,* Webster Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177, and when otherwise the publication of his patent would abandon the thing described to the public unless it already was old, McClain v. Ortmayer, 141 U.S. 419, 424, 12 S.Ct. 76, 35 L.Ed. 800; Underwood v. Gerber, 149 U.S. 224, 230, 13 S.Ct. 854, 37 L.Ed. 710.

"*The question is not whether Clifford showed himself by the description to be the first inventor.* By putting it in that form it is comparatively easy to take the next step and say that he is not an inventor in the sense of the statute unless he makes a claim. *The question is whether Clifford's disclosure made it impossible for Whitford to claim the invention at a later date.* The disclosure would have had the same effect as at present if Clifford had added to his description a statement that he did not claim the thing described because he abandoned it or because he believed it to be old. *It is not necessary to show who did invent the thing in order to show that Whitford did not.*" (Italics in part supplied.) 270 U.S. at page 401, 46 S.Ct. at page 325.

It is disclosure of knowledge inconsistent with a later claim of first invention which is important in determining the effect of co-pending applications. Although the issuance of a patent or other proof of prior invention will constitute a disclosure, prior invention is not alone controlling; for disclosure may also occur in other ways, as by publication in a periodical, by a disclaimer of invention of a described process, or by an abandonment thereof. Consequently, it is immaterial—if a disclosure actually occurs —whether it results from a description in a single co-pending application, from descriptions in several such applications, or from descriptions in co-pending applications together with descriptions in previously issued patents. Prior knowledge, clearly revealed is repugnant to the claim of first invention. This is the meaning of the decision in the Milburn Co. Case. There is nothing in the opinion to indicate that the Court intended to state a formal, arbitrary rule concerning a complete and adequate description, in a single application, by or on behalf of a prior inventor. What it had in mind was a disclosure in any form of knowledge inconsistent with a claim of first invention. It is, of course, necessary that disclosure actually occur. As was assumed by the Court for purposes of decision in the Milburn Co. Case, page 400, 46 S.Ct. page 324: " * * * it would have been no bar to Whitford's patent if Clifford had written out his prior description and kept it in his portfolio uncommunicated to anyone."

Whether or not the co-pending applications could properly be considered, therefore, to show the prior art in the technical sense, they were properly considered to determine whether they disclosed knowledge upon the part of the prior applicants inconsistent with appellant's claim of first

invention. Stelos Co., Inc., v. Hosiery Motor-Mend Corp., 2 Cir., 72 F.2d 405, affirmed, 295 U.S. 237, 55 S.Ct. 746, 79 L.Ed. 1414; In re Youker, Cust. & Pat. App., 77 F.2d 624. They did disclose such knowledge and, hence, Brown and Klein were not the first inventors.

Appellant also relies upon the decision of this court in Hazeltine Corp. v. Coe, 66 App.D.C. 341, 343, 87 F.2d 558, 560. But this court did not hold in that case as appellant contends. It held that as *all of the co-pending references* relied upon therein failed, either singly or in combination, to disclose the claims of the later applicant, they did not prevent the issuance of a patent to him as the first inventor. And the court held, on the merits, that the facts of that case clearly revealed invention.

The question has been considered and decided adversely to appellant's contention, also, by the United States Court of Customs and Patent Appeals in Re Youker, supra; by the Circuit Court of Appeals for the Sixth Circuit in Ottinger v. Ferro Stamping & Mfg. Co., 59 F.2d 640, 643; by the Circuit Court of Appeals for the Second Circuit in Hazeltine Corp. v. Abrams, 79 F.2d 329; and by the Circuit Court of Appeals for the Fourth Circuit in Denaro v. Maryland Baking Co., 50 F.2d 1074, which adopted the opinion of the lower court reported in, D.C., 40 F.2d 513, 515, 516.

Affirmed.

H. H. Benjamin, of Washington, D. C., and William H. Abbott, of Chicago, Ill., for appellant.

R. F. Whitehead, Solicitor, United States Patent Office, for appellee.

Frank E. Liverance, Jr., of Grand Rapids, Mich., and John Boyle, Jr., of Washington, D. C., amici curiæ.

Before GRONER, STEPHENS and MILLER, Associate Justices.