**SHERWIN–WILLIAMS CO. et al. v. MARZALL, Commissioner of Patents.**

**No. 10651.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 22, 1951.

Decided April 26, 1951.

Albert L. Ely, Jr., Akron, Ohio, for appellants. Harry W. F. Glemser, Washington, D. C., also entered an appearance for appellants.

Clarence W. Moore, United States Patent Office, Washington, D. C., with whom E. L. Reynolds, Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, PROCTOR and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal from the dismissal of a suit brought against the Commissioner of Patents under 35 United States Code Annotated, § 63, R.S. § 4915. Appellant O'Neal sought to patent a process for manufacturing copper phtalocyanine dyestuffs. His invention over the prior art is said to result primarily from (1) the lower temperatures needed for his process, (2) the use of copper acetate instead of the copper chloride used in the Lacey patent which was granted while appellant's application was pending. When applied, O'Neal's process produces a "reaction [which] is smooth and non-violent. The lack of violence and relatively lower production temperatures available in O'Neal's process effect substantial savings in and simplify production equipment and also render O'Neal's process safe for production personnel."[1] Despite the utility of the process here involved, the trial judge oncluded, as had the Patent Office, that it was not an invention. He based his decision upon the strong similarity between this and the Lacey patent, as well as upon the teaching of several other patents, both domestic and foreign, that copper acetate was a possible substitute for copper chloride in the production of copper phtalocyanine.

We have been shown nothing which would warrant our rejecting the findings of the trial court.[2] There is no longer any question that the Lacey patent was available as a reference even though it was actually issued after appellant had filed his application. "Co-pending applications which, either singly, or in combination with previous patents or other co-pending applications, or both, disclose knowledge inconsistent with a claim of first invention, are available as references."[3] In view of that patent and of the others described in the findings of the trial court, it would seem that appellant's "advance over the prior art * * * required only the exercise of the skill of the art."[4] A "showing of great industry in experimental research is not in itself sufficient to constitute invention, when the product thereof differs from those of the prior art only in degree and the result—no matter how useful it may be—is merely one step forward in a gradual process of experimentation."[5]

We think this, like Otis v. Marzall, 88 U.S.App.D.C. ——, 189 F.2d 653, "is a case where success came as the result of well-directed skill and experiment. A valuable * * * [process], of real utility, was created. But we have not been convinced that it constituted invention over the prior art." Id., 189 F.2d 655–656.

Affirmed.

1. Trial Judge's Finding of Fact No. 2.

2. See Standard Oil Development Co. v. Marzall, 1950, 86 U.S.App.D.C. 210, 181 F.2d 280.

3. Dyer v. Coe, 1941, 75 U.S.App.D.C. 125, 129, 125 F.2d 192, 196; Minnesota Mining & Mfg. Co. v. Coe, 1938, 69 App.D.C. 256. 258–259. 100 F.2d 429, 431–432.

4. Detrola Radio & Television Corp. v. Hazeltine Corp., 1941, 313 U.S. 259, 269, 61 S.Ct. 948, 952, 85 L.Ed. 1319. Cf. Naamlooze Venootschafs, etc. v. Coe, 1942, 76 U.S.App.D.C. 313, 315–316, 132 F.2d 573, 575–576; Krause v. Coe, 1941, 74 App.D.C. 47, 49, 120 F.2d 717, 719.

5. Minnesota Mining & Mfg. Co. v. Coe, 1938, 69 App.D.C. 217, 220, 99 F.2d 986, 989.