50 CCPA
**Application of Herbert J. KANDER.**
**Patent Appeal No. 6922.**

United States Court of Customs and Patent Appeals.

Feb. 13, 1963.

---

Marvin C. Soffen, Ostrolenk, Faber, Gerb & Soffen, New York City, for appellant.

Clarence W. Moore, Washington, D. C., (S. Wm. Cochran, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

RICH, Judge.

This appeal is from the affirmance by the Patent Office Board of Appeals of the rejection of claims 24–28 of appellant's application Ser. No. 594,505, filed June 28, 1956, for "Gasket for Sanitary Fittings." No claims are allowed.

A "sanitary fitting" is one used, for example, in a piping system in the food processing or dairy industries. The appellant's specification is an elaborate description of the details of a simple gasket, which may be made of "Teflon," nylon, or neoprene, by machining or molding, to fit a typical, standard, preexisting fitting of the pipe union type. Such a fitting comprises the adjoining ends of two pipe sections, one of which has external threads and the other of which has an annular flange. An internally threaded nut or collar engages the flange and threads to draw the pipe-ends together after the fashion of all pipe unions, illustrations of which are to be found in any Merriam-Webster Webster's Dictionary of the past few decades. The pipe-ends of the standard fitting with which the gasket of the invention is to be used are oppositely beveled at 45° so as to have parallel surfaces.

Appellant's gasket is interposed between the beveled ends of the pipe so that the pipe-ends will necessarily be spaced somewhat apart, the gasket occupying the space and, by reason of its resiliency, making a tight joint. Consequently it will be in contact with the fluid stream in the pipe. To prevent accumulation of residual material at the joint when the pipe is cleaned by flushing it out with detergent or the like, it is desired that the inner surface of the gasket be of the same diameter as the inner diameter of the pipe and flush therewith so a smooth wall is formed. One desideratum of such a structure is that the gasket should be "self-centering" in the fitting and this capacity of appellant's gasket is attributed to two facts: the outer diameter of the gasket is made the same as the inner diameter of the threaded portion of the nut—which would seem to suffice for centering. But, secondly, it is said that self-centering is assured by making the face of the gasket which mates with the externally beveled pipe-end of such form as to correspond to the shape of the pipe-end, which has a short radial face radially inwardly of its conical face. Thus, one face of the gasket has an inner radial seat and an outer 45° bevel. The opposite face of the washer has only a 45° bevel matching the bevel of the internally beveled pipe-end. The only other detail of construction is that the gasket is of such thickness that its outer cylindrical wall is at least as wide as the distance between two threads on the nut so that it cannot enter between the threads and get chewed up or move off center relative to the joint axis.

It seems unnecessary to set forth any of the claims, which are long and would show merely the above-recited features, described in various ways. The appealed claims except 27 and 28 are directed to the gasket per se while the latter define a "pipe joint" containing the gasket, reciting the coacting parts of both joint and gasket. Appellant does not assert

the joint apart from the gasket to be any part of his invention.

| | | |
|---|---|---|
| Kessler | 2,780,483 | Feb. 5, 1957, filed Mar. 30, 1953 |
| Feldmeier | 2,786,696 | Mar. 26, 1957, filed June 21, 1954 |
| Deavs | 299,206 | May 27, 1884 |
| Greenfield | 817,058 | Apr. 3, 1906 |
| Ramage | 1,027,565 | May 28, 1912 |

The references relied on by both the examiner and the board are:

---

Kessler shows a gasketed joint for the same kind of service as appellant's joint but is relied on not so much for the invention disclosed as for the implications to be drawn from what the patent states as to the prior art. Such statements, however, do not appear to us to add anything to, nor to be as explicit as, appellant's own statements in his specification, repeated in his brief, as to the kind of known joint for which he designed his gasket. Kessler's gasket is made of neoprene.

Feldmeier is cited for its disclosure of a "Teflon" gasket in a sanitary coupling, its inner surface being flush with the inner wall of the pipe so as to be easily cleaned in place when the line is flushed out. The pipe-ends of this fitting, however, are in part square, and have the outer portions of their faces beveled at only 8°. A transparent cylindrical collar is held in place by flange plates and bolts and is used instead of a union nut. The collar centers the gasket.

Deavs, Greenfield, and Ramage are cited to show the conventionality of centering gaskets in threaded fittings by sizing their outer diameters to fit the inner diameter of the threaded portion of the nut or collar in a union type of joint. We would, if necessary, take judicial notice of the centering of a common garden hose washer in the same fashion.

Appellant's argument is very largely an effort to show how many changes would have to be made in the fitting and gasket of the Kessler *invention* to arrive at his structure. This is something of an evasion of the real issue in the case,

if not a red herring. As above stated, the Kessler patent was not primarily relied on for its showing of Kessler's invention. We find such arguments beside the point and hence unpersuasive.

■ Appellant also emphasizes that both the Kessler and Feldmeier patents issued after his filing date. This fact is, of course, irrelevant in view of 35 U.S.C. § 102(e). The rejection here is necessarily predicated on that section plus section 103 which, in a situation such as this, is not concerned with the psychological aspects of inventing[1] but rather with legal concepts involving hypothetical situations in which the prior art is assumed to include those things dealt with in section 102, including the disclosures of United States patents having filing dates earlier than the applicant's date of invention as provided in paragraph (e). No date earlier than his filing date is asserted by appellant and it is later by two or more years than the filing dates of Kessler and Feldmeier.

■ It appears to us that in designing the gasket herein claimed, constituting the subject matter sought to be patented, appellant has only done what would have been obvious to one of ordinary skill in the gasket art in view of the teachings of the prior art cited. Basically, the invention, is the cutting or molding of a gasket, of suitable materials previously used in the same art for the same purpose, so as to fit accurately in an admittedly old joint, to center itself therein by reason of its accurate fit, and so as not to extend into the passage through the pipe. Such an invention clearly fails to

---

1. See "Commentary on the New Patent Act," by P. J. Federico, in 35 U.S.C.A. § 1 to § 110, at page 21.

meet the statutory prerequisite of unobviousness, without which it is not patentable.

The decision of the board is affirmed.

Affirmed.