**HAZELTINE RESEARCH, INC., and Robert Regis, Plaintiffs,**

**v.**

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 1688–62.**

United States District Court
District of Columbia.

Feb. 14, 1964.

Edward B. Beale, George R. Jones, Beale & Jones, Washington, D. C., Edward A. Ruestow, Little Neck, N. Y., for plaintiffs.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This civil action was brought pursuant to 35 U.S.C. § 145 to obtain judgment authorizing the defendant, Commissioner of Patents, to issue a patent containing claims 1 to 3 of an application Serial No. 704,770 filed December 23, 1957, by the co-plaintiff, Robert Regis. The invention relates to microwave switches.

The tribunals of the Patent Office rejected the claims as unpatentable over the Wallace et al patent No. 2,822,526, in view of the Carlson patent No. 2,491,-644. Counsel for plaintiffs concedes that if Wallace et al is available as "prior art" under 35 U.S.C. § 103, the combination of Wallace et al with Carlson negates the patentability of the claims. Thus, the sole issue before this Court is whether the Wallace et al patent is "prior art" within the meaning of that term as used in 35 U.S.C. § 103.

Counsel for plaintiffs strongly contend that since Wallace et al was a "copending patent",[1] it is "prior art" only with regard to 35 U.S.C. § 102(e),[2] and not with regard to 35 U.S.C. § 103.[3] If that contention is correct, the judgment here

---

1. Although this term is indefinite, it will be used hereinafter to designate patents issued on applications filed *before*, but issuing *after* the filing date of the application or patent which it is cited against as evidence that the claims of said application or patent are unpatentable. For instance, in this case the Wallace, et al application was filed on March 24, 1954, the Regis application was filed on December 23, 1957, and the Wallace, et al application matured into a patent on February 4, 1958.

2. This paragraph is a codification of the rule of the first important case in this area, Alexander Milburn v. Davis-Bournonville, 270 U.S. 390, 46 S.Ct. 324, 70 L. Ed. 651. Revisor's Note—35 U.S.C.A. § 102. The paragraph reads as follows:
"A person shall be entitled to a patent unless—

\*     \*     \*     \*     \*
"(e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the application for patent, \* \* \*."

3. The pertinent portion of this section reads as follows:
"A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the *prior art* are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art \* \* \*."

must be in favor of the plaintiffs since neither the Wallace et al patent, nor the Carlson patent alone anticipates the invention described in the claims in suit.

Before specifically considering plaintiffs' contention, it may be noted that prior to the 1952 Patent Act, the Supreme Court in Detrola Radio & Television Corp. v. Hazeltine Corp., 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319, recognized that "copending patents" could be used to invalidate the claims involved in the infringement suit even though none of those patents anticipated the claims.

Moreover, in this Circuit, it was well settled that "copending patents", either singly or in combination with other "copending patents", or other patents, or both, are available as references to show that the claimed advance over the prior art required only the exercise of the skill of the art. Sherwin-Williams Co. v. Marzall, 88 U.S.App.D.C. 374, 190 F.2d 606 (1951); Dyer v. Coe, 75 U.S.App. D.C. 125, 125 F.2d 192 (1941), and Minnesota Mining & Manufacturing Co. v. Coe, 69 U.S.App.D.C. 256, 100 F.2d 429 (1938). But see Hazeltine Corp. v. Coe, 66 U.S.App.D.C. 341, 87 F.2d 558 (1936).[4]

The Court of Customs and Patent Appeals had also consistently held that "copending patents" were available as references. In re Downs, 45 F.2d 251, 18 CCPA 803 (1930); In re Seid, 161 F.2d 229, 34 CCPA 1039 (1947), and In re Youker, 77 F.2d 624, 22 CCPA 1294 (1935).

Thus, prior to the Patent Act of 1952, it is clear that as far as the Patent Office and this Court were concerned, a "copending patent" could be used as evidence to show that claims are unpatentable because the differences between the claims' subject matter and the disclosure

of the "copending patent" were within the ingenuity and skill possessed by an ordinary mechanic acquainted with the art.

Counsel for plaintiffs contends that the Patent Act of 1952 changed this area of the law. More specifically, counsel states that since 35 U.S.C. § 103 sets forth that "[a] patent may not be obtained * * * if the differences between the (claimed) subject matter * * * and the prior art * * * would have been obvious *at the time the invention was made* * * *", (Emphasis added), a "copending patent" may not be considered a part of the prior art under Section 103 because "at the time the invention was made" the disclosure therein was not publicly available knowledge due to requirements of 35 U.S.C. § 122.

■ However, counsel for plaintiffs overlooks the fact that "[S]ection 103 * * * is not concerned with the psychological aspects of inventing, but rather with the legal concepts involving hypothetical situations in which the prior art is assumed to include those things dealt with in section 102". In re Kander, 312 F.2d 834 (C.C.P.A.1963). In other words, that section contemplates an objective standard of patentability, and "[t]he inventor may indeed have made an invention in the psychological sense, but it would nevertheless not be patentable if the quantum of novelty over the prior art material of which he may have been in total ignorance was not sufficient". Federico, Commentaries On The New Patent Act, 35 U.S.C.A., at p. 21. Thus, where the technology in a particular art has developed to such a state that "a person having ordinary skill in the art" would find that a certain invention was obvious in view of this state of the art, the invention is not patentable regardless of whether or not it would have been possi-

---

4. It should be noted that Minnesota Mining & Manufacturing Co., supra, and Dyer, supra, both distinguish the Hazeltine case by stating that it merely held "that * * * (since) all of the copending references relied upon therein failed, either singly or in combination, to disclose

the claims of the later applicant, they did not prevent the issuance of a patent to him as the first inventor. (Furthermore) * * * the court held, on the merits, that the facts of that case clearly revealed invention." *At 100 F.2d 429, 432.*

ble for that particular inventor to know the entire state of the art.

■■ Therefore, in view of the fact that the "prior art" under 35 U.S.C. § 103 is not limited to materials which an inventor knows or could reasonably be expected to know, the question of whether a copending patent is to be considered a part of the "prior art" under 35 U.S.C. § 103 is a matter of policy. Because of the fact that the policy, the case law, prior to the 1952 Act was to include "copending patents" in the prior art in situations analogous to those now covered by Section 103, it is the opinion of the Court that there would have to be clear, unmistakable language in the Patent Act of 1952, or in its legislative history [5] before a Court would be warranted in holding that "copending patents" are not "prior art" under 35 U.S.C. § 103.

The Court has not found, nor has Counsel for plaintiffs directed its attention to any such language. The Patent Act is unclear on this point; however, the legislative history noted by the Court indicates that the draftsmen of the 1952 Act intended to have "copending patents" be considered as part of the prior art under Section 103. See Legislative History— Title 35, United States Code in 2 U.S. Code Cong. and Admin. News 1952, at p. 2399. Moreover, one of the draftsmen [6] of the 1952 Act, states that "[t]he antecedent of the words 'the prior art,' (in 35 U.S.C. § 103), * * * lies in the phrase 'disclosed or described as set forth in section 102' and hence these words refer to material specified in section 102 as the basis for comparison." Federico, Commentary On The New Patent Act, 35 U.S.C.A., p. 20.

While neither the Supreme Court nor the Court of Appeals in this Circuit have ruled on this specific point, the Court of Customs and Patent Appeals has held

that the term "prior art" in 35 U.S.C. § 103 is assumed to include "copending patents". In re Gregg, 244 F.2d 316, 44 CCPA 904 (1957), and In re Kander, supra. That Court in In re Gregg, supra, stated:

> "It was well settled prior to the 1952 Act that a patent issued on an application which was copending with that of another applicant could properly be used as a reference against the claims of the other applicant even though it did not disclose everything claimed, and it was necessary to combine it with other references. (Citation omitted). There is nothing to indicate that any change in that practice was contemplated by the Congress when it enacted the Patent Act of 1952." At p. 319 of 244 F.2d.

In view of the above, the Court holds that the Patent Act of 1952 did not change the prior law and that "copending patents" are included in the "prior art", as that term is used in 35 U.S.C. § 103.

Counsel for plaintiffs has also contended that if this Court holds, as it has above, that copending patents are prior art under Section 103, Section 102(e) will be rendered meaningless because there would be no need for it. That contention is not sound. If it were, the same rationale would apply, for example, to the publications and patents specified in 35 U.S.C. § 102(a) and (b). However, it is beyond question that such publications and patents are a part of the prior art under 35 U.S.C. § 103.

■ Therefore, for the reasons set forth above, the Court finds for the defendant and against the plaintiff, and hereby dismisses the Complaint in this case.

The foregoing Opinion includes Findings of Fact and Conclusions of Law.

5. See generally, Rich, Congressional Intent, or, Who Wrote The Patent Act of 1952?, in Patent Procurement and Exploitation 61 (BNA 1963).

6. Ibid.