### EGRY REGISTER CO. v. STANDARD REGISTER CO.

(Circuit Court of Appeals, Sixth Circuit. July 16, 1924.)

No. 4075.

1. **Equity** ⊕⇒456—**Granting leave to file bill of review does not preclude subsequent consideration of its sufficiency.**

The granting of leave to file a bill of review does not preclude the court, acting through the same or another judge, from subsequently considering and determining, on a motion by defendant to dismiss, not only the sufficiency of the bill, but the right of complainant to file it.

2. **Equity** ⊕⇒460—**Bill of review held not to state cause of action.**

A bill of review to vacate patent infringement decree for alleged fraud in misrepresenting result produced by patented device *held* not to state facts constituting a cause of action.

Appeal from the District Court of the United States for the Southern District of Ohio; Smith Hickenlooper, Judge.

Bill of review by the Egry Register Company against the Standard Register Company. From a decree dismissing the bill, complainant appeals. Affirmed.

See, also, 267 Fed. 186.

H. A. Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., of Dayton, Ohio, on the brief), for appellant.

Alfred M. Allen, of Cincinnati, Ohio, and Earl H. Turner, of Dayton, Ohio, for appellee.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

PER CURIAM. The appellant filed in the District Court, upon leave, an original bill of review and an amendment thereto, in which it is averred that the Standard Register Company had procured a certain decree in the District Court and in the Circuit Court of Appeals for the Sixth Circuit against the Egry Register Company by fraud, misrepresentation, and deception. The specific fraud and deceit charged is, in substance, that the defendant, through its witnesses, arguments, and briefs, had represented to the court that the patent issued to F. F. Schirmer, 940,481, November 15, 1909, relating to so-called autographic registers and the machine embodied therein, produced a certain result and had a certain mode of operation that constituted the novelty of the alleged invention and was the basis of a claim for infringement by the Egry Company; that at the same time this defendant was prosecuting in the United States Patent Office at Washington, D. C., an application filed by John T. Sherman, one of its officers and stockholders, for a patent on an autographic register, in which proceedings it asserted, under oath of Sherman and through its counsel in communications filed in the Patent Office, that the patent to Schirmer and the machine set forth therein was defective, because it did not have and produce the very mode of operation and result which it was then fraudulently claiming before the District Court and the Court of Appeals such Schirmer patent and machine did have; and that by reason of such false and fraudulent representations the District Court and the Circuit Court of Appeals in the Sixth Circuit were induced to believe and did believe that the Schirmer patent was valid for the novelty claimed and did produce the desired results.

The defendants filed a motion to dismiss this bill of complaint, upon the ground that the bill does not state facts sufficient to constitute a cause of action, which motion was sustained by the District Court. The plaintiff prosecutes this appeal.

[1] It is claimed that, the District Court having granted leave to file this bill of review, another judge sitting in the same court has no right to review and reverse the former order, and for that reason was without jurisdiction to enter an order dismissing the bill. This claim cannot be sustained. The rule is that, whenever the right to file a bill is at all doubtful, leave is granted as a matter of course. This does not necessarily involve any consideration whatever as to the sufficiency of the bill, but only as to the apparent right of the plaintiff to file the same. The same court, acting through the same judge, or another judge, has the right, upon the motion of the defendant, and when the question can be fully presented, to determine, not only the question of the sufficiency of the bill, but the plaintiff's right to file it.

[2] For the purposes of this motion, all the allegations of the bill of complaint that are well pleaded and are not mere conclusions of law must be accepted as true. From a careful examination of this bill of review, it appears that the appellee, as plaintiff in the infringement suit based upon the Schirmer patent, represented to the court that the machine of the Schirmer patent and the essence of his invention is the entire abandonment of any gripping or holding of the strips together as they are fed, and the adoption of a mechanism to feed these strips loosely; that the element of novelty in the two claims of the Schirmer patent is the use of strips of paper with openings along the sides, and with pins to engage these openings freely, and to jog the paper while the paper is loose and free to move; that these pins readily entered into the perforations, permitting them to be fed loosely and with automatic adjustment. It is further averred that the defendant represented to the Patent Office, in the application for the Sherman patent, that Schirmer failed to accomplish this; that Schirmer devices were then the best in the market; that before Schirmer there had never been any machine with substantial perforations in the paper; that Schirmer developed this, and the fact that there should be no friction on the paper while it was being passed over the sprocket, but that Schirmer did not appreciate that, unless the holes in the paper were larger than the pins of the sprockets, perfect registry could not be had, and great care had to be taken in unwinding or feeding the paper in Schirmer's machine, since the necessary tension on pulling the paper along threw out the registry; that the essential feature in the Sherman patent resides in the discovery and the recognition of the necessity of readjustment for alignment purposes during each feeding operation, and the construction devised to ac-

complish this result is to provide openings in the strips of larger diameter than the diameter of the feeding pins, and then to arrange for a loose contact between the respective webs, so that the pins as they advance and enter the openings will shift the paper slightly to bring the holes in exact alignment.

Accepting these averments in the bill of complaint to be true, nothing appears therein which would in law constitute a fraud upon the District Court or the Circuit Court of Appeals in the Schirmer patent infringement suit. U. S. v. Throckmorton, 98 U. S. 61, 25 L. Ed. 93. It was admitted in the Patent Office proceedings upon the Sherman application that Schirmer had developed the idea of perforations and looseness of the sheets when they were being moved forward; that Schirmer had utility, but Sherman was an advance over Schirmer for the reason stated therein. The claims made to the District Court and this court in the Schirmer patent infringement case were to the effect that Schirmer had made a distinct advance over the prior art, and for that reason was entitled to patent protection. No different claim was made in the Sherman Patent Office proceedings, but, on the contrary, it was specifically stated that Schirmer did not fully accomplish the desired result, that in these two respects Schirmer was the pioneer, and that Sherman was but an advance or improvement over the Schirmer idea, and included the same.

For the reasons stated, the judgment of the District Court is affirmed.