RAFFOLD PROCESS CORPORATION v. CASTANEA PAPER CO.

No. 6222.

Circuit Court of Appeals, Third Circuit.

June 30, 1939.

Nelson Littell, of New York City, for appellant.

Wm. H. Davis, of New York City, for appellee.

Before BIGGS, CLARK, and BIDDLE, Circuit Judges.

BIGGS, Circuit Judge.

This is a motion by Raffold Process Corporation, the appellant, for leave to file a bill of review in the court below. The motion and the bill of review are based upon matter contained in two patent applications numbered 622,318 and 664,346 filed in the United States Patent Office by Webster E. Byron Baker on July 13, 1932 and April 4, 1933, respectively. Baker was the paper manager of Castanea Paper Company, the appellee. Castanea was the defendant in an infringement suit brought by the appellant in the court below in which leave is now sought to file the bill of review. The appellant alleged that certain of the appellee's processes infringed some of the claims of four patents owned by the appellant. The nature and disposition of this suit will appear from the opinion of this court reported in 3 Cir., 98 F.2d at page 355.[1] Upon our affirmance of the decision of the court below, a petition for rehearing was filed together with a motion to remand the cause to the District Court for further hearings. The motion to remand the cause was based upon alleged newly discovered evidence similar to part of that which is offered in support of the present motion. Rehearing was denied by this court as well as the motion to remand. A petition for reconsideration of the petition for rehearing and the motion for remand was then filed and was denied. A petition for writ of certiorari was filed to the Supreme Court of the United States but was denied by that Court. 305 U.S. 635, 59 S.Ct. 102, 83 L.Ed. ——. A petition for rehearing upon the petition for writ of certiorari was filed also and was denied. 305 U.S. 672, 59 S.Ct. 152, 83 L.Ed. ——.

The bill of review which the appellant now seeks leave to file in the District Court alleges that Baker's patent applications, heretofore referred to, contain statements so inconsistent with evidence given on behalf of the appellee at the trial as to substantially invalidate pertinent portions of that evidence. The appellant goes on to allege that presentation of the matters contained in these applications would have caused the trial court and ourselves to reach very different conclusions than were reached, conclusions which might or would have resulted in the patents being sustained and in adjudications of infringement against the appellee. The bill of review also seeks to have the trial court compel the appellee to give the appellant access to certain other applications filed by Baker in the Patent Office.

We think it is necessary to recapitulate briefly the conclusions of this court as to the four patents and their alleged infringement as set forth in our opinion.

As to the Minimizing Patent, No. 1,803,642.

Two claims of the minimizing patent were alleged to be infringed by the appellee's process, viz., claims 1 and 8. The object of the patent was stated to be the minimizing of the period of contact be-

---

[1] The opinion of the District Court, filed April 20, 1936, is unreported.

tween the alkali filler and the acid sizing in paper making processes.

Claim 8 of the patent claims the step in the paper making process of adding carbonate filler to the previously sized fiber "when such fiber is in condition to be passed on to a web-forming device of a paper machine". The court below found, and our conclusion in this regard was similar, that in the appellee's process the carbonate filler was added in the machine chest and remained with the mix in the machine chest for a substantial period of time. We held therefore that claim 8 of the patent was not infringed since at the point of the process where the appellee added its carbonate filler, the fiber or stock was not in a condition to be passed on to the web-forming device of the paper machine. As the evidence abundantly demonstrated, the stock must pass from the machine chest to a mixing box where it must be diluted with much water before it is in a condition to be passed on to the paper forming web. So far as we are able to perceive nothing contained in either or both of Baker's applications in any wise serves to invalidate this conclusion as expressed by us.

As to claim 1 of the minimizing patent, it appears that this claim is general in its terms and claims a process of adding filler to previously sized fiber under conditions "favoring the minimizing of time of contact between the carbonate filler and the previously sized fiber, and thereafter making paper therefrom." We held that since Rafton spoke of "conditions favoring the minimizing of time of contact between the carbonate filler and the previously sized fiber" he required the filler to be added at that point in the paper making process where it would remain in contact with the sized fiber for the shortest possible time. We held therefore that since the appellee added its carbonate filler at the machine chest where the mix remained at least two hours, that claim 1 was not infringed by the appellee's process.

In both of Baker's applications he describes paper making processes. The carbonate filler is to be introduced in the machine chest, except in one instance where Baker suggests that it be added at the mixing box. This is in connection with his "continuous" process. The appellant contends that because language is employed by Baker, in application No. 622,318 for example, to the effect that the time of contact between the filler and the stock "is relatively short, say of the order of a few

minutes", that this demonstrates that Baker testified falsely in respect to the appellee's process and that all the other witnesses testifying on behalf of the appellee in respect to this matter likewise testified falsely. We think that the direction that the filler should remain in contact with the stock for a period of time "of the order of a few minutes" refers to the "continuous" process disclosed by him. But aside from this, Baker states that in " * * * the usual operation of the process, the size is precipitated on the fiber * * * in the beater, the stock is then jordaned and immediately thereafter and prior to dilution the *viscous starch suspension carrying the alkaline earth carbonate dispersed therein is added to the pulp.*" We have italicized the words of peculiar import used by Baker. As a matter of fact application No. 622,318 purports to disclose a new way of using starch with an alkaline filler. This is its object, as is obvious from examining it. The process thus disclosed by Baker is far removed from any infringement of Raffold's minimizing patent, as is the "usual operation" of Baker's process from the appellee's process, as disclosed by the trial.

In Baker's other application, No. 664,-346, the alleged invention consists primarily in using starch cooked to a sufficient temperature to cause the starch granules " * * * to swell and burst to an extent sufficient to form a protective film enveloping the particles of filler." This might have the effect of decreasing or minimizing the disintegrating action of the acid sizing upon the alkaline filler. It appears that the result sought by Baker is very far removed from any operation of the appellee's process as it was disclosed at the trial.

### As to the Paraffin Patents Nos. 1,819,441 and 1,848,659.

We held that the first of these patents was not infringed by the appellee's process. There is nothing in the Baker applications which leads us to any other conclusion.

We held the second paraffin patent to be invalid, adverting to the twenty-eighth finding of fact of the trial judge in which he stated that the substitution of calcium carbonate for other fillers in a process in which paraffin emulsion is used, was simply the substitution of an equivalent and was within the skill of the paper manufacturer.

The appellant contends that the Baker applications definitely and conclusively show that in a process in which a paraffin

emulsion is used, calcium carbonate is not the equivalent of other fillers. This is the identical contention made by the appellant in its previous motion for remand passed upon by this court over a year ago. The Baker applications now before us throw no new light upon the question. We can see no basis for altering our opinion or grounds which might cause the District Court to alter the view already expressed by it.

### As to the Starch Patent, No. 1,831,928.

We held this patent invalid as did the trial judge.

The appellant lays great emphasis upon the fact that in application No. 622,318 Baker states that one of the reasons for adding starch to the filler is to minimize the foam which otherwise would be encountered in the process by reason of gaseous carbon dioxide evolution. The appellee contended that it had no foam problem. The appellant takes the position that because the Baker application now referred to, deals with the minimizing of foam, this demonstrates the falsity of the appellee's statements that it had no foam problem, and that therefore the starch employed by it was not used to fulfill the function attributed to it by Rafton.

We stated [98 F.2d 360], "What Rafton claims is in fact a patent on a new purpose involving the discovery of a reason for an effect which, if it be as claimed, must have been observable by the prior art. As was correctly held by the learned District Judge, this is not patentable." We stated also our conclusion that there was nothing in the evidence to indicate that the appellee had a foam problem incapable of being disposed of by the ordinary foam fighting equipment with which all paper manufacturers are equipped.

The appellant has seized upon our reason for holding that the patent was not infringed while disregarding our reasons for holding that the patent was invalid. To do even this, the appellant must assume that Baker's application refers to the appellee's process, and that the witnesses who testified in respect to the appellee's lack of a foam problem were untruthful.

### The Appellant is not Entitled to the Relief Sought by It.

The appellant in effect seeks another trial upon the issues already disposed of by the District Court and by the Court of Appeals. The appellant's position is based squarely upon the conception that Baker's applications describe the appellee's process. There is, however, no evidence to indicate that the processes and steps enumerated in the Baker applications are descriptive of the appellee's paper making process.

The Baker applications contain the usual generalized discussions of patent applications and describe different steps said to be applicable to the paper making process. The applications and their amendments embrace many pages and it is not impossible that some phase of the appellee's process may be referred to or even described therein, though not in any way which might induce a court to give such statements evidentiary value. It does not appear that in his patent applications Baker makes any specific statements which contradict the testimony given by him at the trial in respect to the appellee's process. Nor are the statements of the application in conflict with the testimony of any other witness testifying on behalf of the appellee. We are aware that the rule in respect to filing a bill of review upon newly discovered evidence does not require that evidence in and of itself be of such a character as would entitle a plaintiff to a new trial. The law is stated in Egry Register Co. v. Standard Register Co., 6 Cir., 1 F.2d 11, 12, viz., "The rule is that, whenever the right to file a bill is at all doubtful, leave is granted as a matter of course. This does not necessarily involve any consideration whatever as to the sufficiency of the bill, but only as to the apparent right of the plaintiff to file the same." The issues sub judice, however, are free from doubt.

We can perceive no merit in the appellant's contention that either the appellee or Baker himself suppressed the applications. They were filed in the Patent Office and Baker was not obligated to show the applications or make known their contents to the appellant. The contention of the appellant that the failure to take such action constitutes a suppression of evidence is without basis. Haughey v. Lee, 151 U.S. 282, 285, 14 S.Ct. 331, 38 L.Ed. 162; Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 423, 43 S.Ct. 458, 67 L.Ed. 719; Irvin v. Buick Motor Co., 8 Cir., 88 F.2d 947, 951.

In view of what we have said it is not necessary to pass upon the question raised by the appellee as to whether or not the

alleged new evidence was brought to the attention of this court with proper diligence.

The motion of the appellant is denied.